ELTING, *Plaintiff in Error*, v. GOULD.

1. **Land:** PATENT. A patent for land previously granted, reserved from sale, or appropriated, is void and that is true in an action at law.

2. ———: ———: TAX TITLE. Where a patent is issued for a whole quarter ·section, three-quarters of which have already been patented, a release to the United States of the entire quarter section, followed by a reëntry and patent of the quarter not covered by the prior patent, does not destroy a title acquired at a tax-sale of said quarter prior to the release.

3. **Practice:** ORDER OF PUBLICATION. Under Revised Statutes, section 3494, which provides that the court shall make an order of publication, where the plaintiff alleges in his petition or files an affidavit that the defendant is a non-resident, an order made on an allegation in the petition of non-residence is valid, though the petition is not verified by affidavit.

4. **Tax Suit:** NAME OF OWNER. It is sufficient in an action for back taxes to designate the owner in an order for service by publication by the name disclosed by the recorded deeds, *e. g.*, R. O. Elting.

*Error to Barton Circuit Court.*—HON. CHAS. G. BURTON, Judge.

AFFIRMED.

*James H. Harkless* for plaintiff in error.

(1) The tax proceeding and sheriff's deed against " R. O. Elting " is, void, as against " Richard O. Elting." *Skelton v. Sackett*, 91 Mo. 377. (2) The patent issued to Elting in 1865 was void, because three of the four forties had been patented to William Gilfillan in 1859, and Elting had his right to reconvey the whole of the land to the government and have his money refunded. This was his right and option. 1 Lester Land Law and Regulations, 38, 345. The government

had authority to accept this relinquishment, and upon their accepting it the land became a part of the public domain. U. S. R. S. 1875, secs. 2454, 2457. (3) The fact that the government accepted the relinquishment from Richard O. Elting, and allowed him to enter the forty in controversy, will be presumed to have been done for proper and sufficient reason. What the reason was, does not appear. *Wilcox v. Jackson*, 13 Peters, 511 ; *Hill v. Miller*, 36 Mo. 182. A purchaser under a tax-sale against the party who holds the patent, incurs the risk of the action of the government pertaining to the patent, even to the extent of its cancellation, and he is bound by such action. *Carroll v. Spofford*, 3 How. 441 ; *Hill v. Miller*, 36 Mo. 182. (4) Even if it be conceded that the defendant Gould, under his sheriff's deed for taxes, obtained any rights against Elting through the first patent issued to Elting, yet with the subsequent relinquishment and reëntry made and permitted by the government, in full force between it and Elting, his remedy, if any, against Elting could only be asserted in equity, and cannot avail in this action in ejectment. *Bagnell v. Broderick*, 13 Peters, 436 ; *Rose v. Mining Co.*, 17 Nev. 25 ; *Meader v. Norton*, 11 Wall. 442. (5) When the land in controversy was relinquished to the government, it again became a part of the public domain, absolved and exonerated from taxes or tax judgments, and any purchase afterwards by Elting could not enure to defendant, or prevent or estop Elting from relying on a subsequent entry, in an action at law. *Kellom v. Easly*, 1 Dillon, 281 ; *Robbins v. Brewer*, 54 Ill. 48.

*Buler & Timmonds* for defendant in error.

(1) As no instructions were asked or given, and no objections or exceptions to any of the evidence, there are no errors of law for this court to review. *Cunningham v. Snow*, 82 Mo. 587 ; *Tyler v. Larimore*, 19 Mo.

App. 458 ; *Schultz v. Hickman*, 27 Mo. App. 24. (2) The allegation of non-residence in the body of the tax-petition was sufficient. *Payne v. Lott*, 90 Mo. 676. (3) The United States patent having been issued to R. O. Elting, and, being in due form, and on record in the recorder's office in Barton county, the tax-suit was properly brought against him. *Payne v. Lott*, 90 Mo. 676 ; *Vance v. Corrigan*, 78 Mo. 94.

BLACK, J.—This is an action of ejectment for the northeast quarter of the southeast quarter of section 33, township 33, range 31, in Barton county. The documentary evidence is as follows :

(1) A patent from the United States to William Gilfillan for the other three forty-acre tracts in said quarter section, dated in 1859.

(2) A patent from the United States to R. O. Elting, dated in 1865, for the whole of said quarter section.

(3) A deed of release from Richard O. Elting and wife to the United States for the whole of the same quarter section, dated in January, 1884, and recorded in Barton county in February of that year.

(4) The record recites that plaintiff put in evidence a certificate of original entry by him at the United States land-office, dated April 26, 1884, for the forty acres now in suit.

(5) Defendant relies upon a sheriff's deed, dated in October, 1882. This deed is founded upon a judgment of the circuit court of Barton county, rendered April 29, 1882, in a suit brought in the name of the state to the use of the collector against R. O. Elting to enforce the state's lien for taxes due on the land for the years 1878 and 1879. This deed is in due form and was recorded in October, 1882. The proceedings in this tax suit were put in evidence, and in respect of them, it is agreed : that the only service had on the defendant is an order of publication made by the court, in term time, against R. O. Elting, a non-resident of the state ; that the order

of publication is founded on an allegation in the petition that defendant is a non-resident of the state of Missouri ; that the petition was not verified and that no affidavit of non-residence was filed in the cause. It is agreed that defendant was, in point of fact, a non-resident. There was a judgment in the circuit court for the defendant, to reverse which the plaintiff sued out this writ of error.

1. The first position of the plaintiff is, that the deed of release from Richard O. Elting to the United States, and the subsequent entry of the forty acres in suit by him, cut out and destroyed any title which the defendant acquired by the sheriff's deed ; that plaintiff takes title as of the date of his entry in 1884, because the patent issued in 1865 to him was void. It must be taken as established law that a patent for land previously granted, reserved from sale, or appropriated, is void, and this, too, in an action at law. *Morton v. Nebraska*, 21 Wall. 660. But the patent to R. O. Elting issued in 1865 covered land not previously granted to Gilfillan ; and as to this, the forty acres now in suit, the patent was not void. It passed the title thereto to R. O. Elting. Doubtless the contract which culminated in the patent was founded in mistake. Had this mistake been discovered before the patent was issued, it is fair to presume that the officers of the government would not have issued it. As the patent was issued in mistake, it may be conceded that under sections 2369, 2370 and 2371, Revised Statutes, United States, 1878, Elting had the right to surrender the patent release as to the whole quarter section, and then reënter the forty acres to which he had acquired the title ; but it was optional with him whether he would do this or not. So long as he failed to exercise the option, the title to the forty acres was in him by force of the patent issued in 1865. Had he sold this forty acres, either by warranty or quit-claim deed, his subsequent surrender of the patent could not have affected the

rights of the purchaser. The land was subject to taxation for the years 1878 and 1879, the years for which the taxes became delinquent, and to pay which taxes the land was sold, and we conclude that the purchaser at the sheriff's sale is not affected by the release and reëntry made by Elting in 1884. So far as the parties to this suit are concerned, the plaintiff's title is the same as if he claimed alone under his patent dated in 1865. He rested upon his patent for nearly twenty years and then attempted to exercise his option, seemingly for the express purpose of cutting out rights which had accrued as against him, and this we conclude he could not do.

2. It is next insisted by the plaintiff that the Barton circuit court acquired no jurisdiction over the defendant in the tax suit, and that the sheriff's deed based on the judgment rendered therein is void, first, because the order of publication has for its foundation only an allegation of non-residence in the petition, and second, because the order is addressed to R. O. Elting and not to Richard O. Elting. The Revised Statutes of 1855 provided for an order of publication either on an allegation of non-residence of the defendant in the petition, or by filing an affidavit in the cause, stating the fact of non-residence of the defendant. The practice act then required the petition to be verified by the affidavit of the plaintiff, his agent or attorney. Other provisions for notifying absentees by an order of publication are found in the statutes relating to partitions, attachments and the like, but in no case could an order of publication be made on a statement of non-residence in an unverified petition. These various sections were combined in one in the revision of 1865. G. S. 1865, sec. 13, p. 655. By that and the subsequent revision of 1879, petitions are not required to be verified. Section 3494, Revised Statutes of 1879, is the same as the section just cited in the General Statutes of 1865. It provides that in suits in partition and for the enforcement

of liens against real estate, etc., "if the plaintiff, or other person for him, shall allege in his petition, or file an affidavit, stating that part or all of the defendants are non-residents * * * the court in which the suit is brought, or in vacation, the clerk thereof shall make an order," etc. According to the letter of this statute, a simple allegation of non-residence in the petition is sufficient, and that, too, though the petition is not verified. The language of the statute seems to be, in part at least, borrowed from section 13 of article 5 of the practice act of 1855 ; and the history of the legislation would seem to indicate that the legislature, in the revisions of 1865 and 1879, lost sight of the fact that a verification of the petition was no longer required. Still we conclude we must take the statute as it reads. It is to be observed that whilst section 16, page 655, General Statutes of 1865, was so amended by section 3499 of the Revised Statutes of 1879 as to require the petition to be under oath, when an order of publication should be desired as to unknown defendants, no such change was made in section 3494.

In the case of *Payne v. Lott*, 90 Mo. 676, the order of publication was based upon a like allegation in the petition, which was not verified, and we held that the statement authorized the clerk to issue the order of publication. There the special point of contention was that the order was void because the defendant was, in point of fact, a resident of this state, still the question now under consideration was in the record in that case. In view of these facts, namely, that section 3494 by its terms allows an order of publication on a statement of non-residence in the petition, though not verified ; that this construction has been acted upon and titles have grown up thereunder; that this section has remained as it now appears since 1865, without change ; that the legislature did amend what is now section 3499 so as to require the petition to be verified in the particular

cases therein specified, we can but conclude that an order of publication under section 3494 is valid, and this too though the petition is not verified. In short, the allegation of non-residence in an unverified petition is sufficient and the order of publication made on it alone is valid.

In the recent case of *Skelton v. Sackett*, 91 Mo. 377, we held that an order of publication addressed to Q. R. Noland was not sufficient to give the court jurisdiction of Quinces R. Noland. There is this difference between this case and that one, and we think the difference is material : There the recorded patent showed title in Quinces R. Noland ; here, the patent which was recorded in Barton county, and which was the only evidence of title on record, showed that R. O. Elting owned the land. It is by this name and description that he is known in his own title papers, and it is an admitted fact that he was a non-resident of this state. Since it is sufficient that these tax suits are brought against the person who appears from the record of deeds to be the owner (*Payne v. Lott, supra*), we think it is sufficient to designate such owner in the order of publication by the name disclosed by the recorded deeds. The non-resident must know that taxes will be levied annually against his property, and if the officers sue him therefor by the best designation that is disclosed by the record evidence of title, we think that is sufficient. Indeed, the plaintiff prosecutes this suit by the name of R. O. Elting, and there is nothing to show that his name is Richard, save such inference as can be drawn from the fact that he offered in evidence a release executed in 1884, signed Richard O. Elting.

The judgment is affirmed. RAY, J., absent; the other judges concur.