## CHARLES *et al.*, *Appellants*, v. MORROW.

1. **Ejectment**: LIMITATION : R. S. 1879, SECS. 3225, 3226. Revised Statutes, 1879, sections 3225, 3226, relating to limitation in certain cases of equitable titles to land, have no application to ordinary actions of ejectment where the contest is between two purely legal titles.

2. **Practice**: UNKNOWN PERSONS AS DEFENDANTS : STATUTE. In actions by publication against unknown persons under Revised Statutes, 1879, section 3499, the court acquires no jurisdiction unless the petition is verified by oath, as required by said section·

*Appeal from Newton Circuit Court.*—HON. M. G. MCGREGOR, Judge.

REVERSED AND REMANDED.

*George Hubbert* for appellant.

(1) Statutes providing conditions upon, and means by, which constructive notice may be given defendants, in order to the exercise of a court's jurisdiction, based thereon, are strictly construed, and must be strictly complied with, or no jurisdiction will be acquired. *Schell v. Leland*, 45 Mo. 293 ; Wade on Notice, sec. 1030 ; *Morey v. Morey*, 11 Reporter, 199 ; *Settlemier v. Sullivan*, 97 U. S. 444. (2) Ordinarily the first necessary step, in laying a foundation for the acquisition of jurisdictional powers by a circuit court, is the filing of a petition specifying, among other things, "the names of the parties to the action, plaintiffs and defendants." R. S., secs. 3511, 3485. (3) No jurisdiction was ever

acquired in the tax suit in question; the prerequisites of the statute had not been complied with, and hence there was no basis. *State ex rel., etc., v. Staley,* 76 Mo. 160 ; *Quigley v. Bank,* 80 Mo. 297 ; *Otis v. Epperson,* 88 Mo. 131. (4) Since "all the records and proceedings in the tax suit" are in evidence here, no presumption can be indulged to the effect that the relator did "allege in his petition under oath" anything, or "designate" a newspaper for the publication of notice. "When the record shows that certain steps were taken to procure jurisdiction, and the law does not consider those steps sufficient, the judgment will be regarded as void for want of jurisdiction over the defendant. * * * Generally, the recital of jurisdiction or of service of process contained in the judgment will be construed in connection with the whole record, and will be deemed to refer to the kind of service shown by the other parts of the record." *Cloud v. Pierce City,* 86 Mo. 368 ; *Settlemier v. Sullivan,* 97 U. S. 444 ; *Cissell v. Pulaski Co.,* 10 Fed. Rep. 893.

*Joseph Cravens* for respondent.

(1) It was a question of fact, to be determined by the court from the evidence, as to whether or not plaintiffs are the heirs-at-law of John W. Charles, and this question was decided against them by the circuit court, and this court will not interfere with such finding. This has been so held by appellate courts in this state at least a hundred times, and it is useless to cite authorities. (2) Twenty-eight years had elapsed from the time the land in dispute was entered before this suit was brought, and during all that time neither John W. Charles, nor plaintiffs, nor any person claiming under him, has been in possession, set up any claim to it, or paid taxes on it. R. S. 1879, secs. 3225, 3226. (3) The petition in the tax suit purports to be under oath. The court found and adjudged that its allegations were true,

and that it was proper to act upon the subject so presented; this is sufficient, and it cannot be assailed in a collateral proceeding. (4) The omission of the clerk to designate the particular newspaper was undoubtedly an error, which may or may not have been fatal to the case in direct proceedings to review, but cannot destroy the judgment in a collateral proceeding. *Freeman v. Thompson*, 53 Mo. 183. (5) A tax suit is in the nature of a proceeding *in rem*, and stands on the same footing as suits by attachment. In the latter class of cases the court acquires jurisdiction of the subject-matter, and a lien is created by the levy of the writ on the property attached. *Hardin v. Lee*, 51 Mo. 241; *Freeman v. Thompson, supra.*

SHERWOOD, J.—Plaintiffs brought ejectment for the west half of the southwest quarter of section 4, township 26, range 33, Newton county. Answer, general denial.

On trial it was agreed between the parties that both claimed title under John W. Charles, who entered and purchased the land in question from the United States.

Plaintiffs' evidence in chief consisted of exemplification of the application of John W. Charles of Adams county, Mississippi, to the United States land-office for location of land warrant on this land, dated May 23, 1857, with endorsement showing its location and the subsequent issue of patent, June 10, 1859. Also deposition of Emily Charles, Andrew Charles and Sarah J. Swann, showing that John W. Charles was a bachelor, residing in Natchez, Adams county, Mississippi, when he entered this land; that he removed to the City of New York after the war of 1861 arose, and died there, December 25, 1877, without issue and intestate, leaving as his only heirs two brothers and a sister, Andrew Charles, Sarah J. Swann (plaintiffs herein) and George E. Charles; that George E. Charles died February 25,

1881, leaving a will, which was probated in New York, and by which plaintiff Emma Charles, his widow, took his interest in his land.   Also, a duly certified copy of the will of George E. Charles, above referred to, with judgment of the surrogate court in New York, showing probate thereof, March 14, 1881; said will, etc., having been recorded in Newton county, Missouri, November 9, 1885.

At the conclusion of plaintiffs' case as above, defendant prayed the court to declare the law as follows:

"The court declares the law to be that, under the evidence introduced by plaintiffs in this case, they are not entitled to recover; that there is no evidence before the court that the John W. Charles, through whom plaintiffs claim, owned the land in controversy.   If the court finds from the evidence that neither John W. Charles nor plaintiffs have been in possession of the land in controversy for thirty consecutive years, and that neither John W. Charles nor plaintiffs have paid taxes on the same during all that time, and that the title to said land has passed from the government more than ten years previous to February 27, 1874, then plaintiffs cannot recover in this action."

The court refused to do so.   Defendant then offered in evidence a sheriff's deed, dated August 11, 1881, purporting to be by James R. McElhany, sheriff of Newton county, to John M. Sherwood, and reciting that the state ex rel. Hiram J. Cummins, collector of said county, obtained judgment in the circuit court of said county, May 2, 1881, against "the unknown heirs of John W. Charles, and all other persons interested" (no names being set out or reason given why), "for the sum of fourteen and seventy-hundredths dollars for certain delinquent state, county and special taxes and interest, as hereinafter set forth, assessed and found by said court to be due and unpaid upon the

following described real estate" (setting out description of the land sued for in this case, and mentioning taxes for 1872, 1873 and 1875), "and also certain costs, which have been taxed in the sum of eighteen dollars and eighty cents, which said several sums of taxes, interest and costs, were declared by said court to be a lien in favor of the state of Missouri upon the above-described tracts of real estate."

This deed further recites issue of special execution upon said judgment against "the said unknown heirs of John W. Charles, and all other persons interested" (no names being given), directing the sale of said real estate to satisfy the judgment; that notice and sale were duly made and had, and that John M. Sherwood became the purchaser of the land for twenty-six dollars. The plaintiffs objected to this deed because void on its face, in not purporting to be under judgment against any definite person, nor being otherwise in conformity to law. But the court overruled this objection and admitted the deed in evidence, to which action of the court below plaintiff duly excepted at the time. Defendant also put in evidence a deed of quitclaim from Sherwood to Isaac Lewis, dated September 6, 1881, and offered evidence tending to prove that neither John W. Charles nor plaintiffs have ever been in actual possession of or paid taxes upon this land, which plaintiffs objected to as incompetent and irrelevant; but the court overruled the plaintiffs' objection and admitted the evidence, to which action of the court plaintiffs duly excepted at the time.

By way of rebuttal plaintiffs, to impeach the sheriff's deed and judgment therein recited, introduced "all the record and proceedings in the tax suit," as follows :—

(1) The petition of the state *ex rel.* the collector, expressing the action as against "The unknown heirs of John W. Charles, deceased, and all defendants,"

being signed only by relator's attorney, but otherwise framed as usual, except that at its conclusion, just before the prayer for relief, it is said, by way of description of defendants: "Plaintiffs' said attorney and H. J. Cummins, said collector, further state that they believe there are persons interested in the subject-matter of this petition whose names they cannot insert therein because they are not known to plaintiff and affiants; that the said unknown parties are the heirs-at-law of John W. Charles, deceased, and any other persons claiming by right or title in the land described in this petition derived from said John W. Charles, and are owners of the land mentioned in this petition as tenants in common; that said heirs derived their title from said John W. Charles by descent, he having died possessed of said land, but the names, respective shares and residence of said heirs are to plaintiff and affiant unknown. And plaintiff and affiant have no further knowledge in the matter. That said other parties, if any, are grantees of said Charles or of said heirs." Said petition was not signed by the relator, sworn to nor verified by him.

(2)  The process, namely, order of publication only, consisting of caption indicating defendants in the same way as in the petition, and reading as follows: "Now, on this fourth day of November, 1880, it appearing to the satisfaction of the court from the petition heretofore filed in the above-entitled cause that there are persons interested in the subject-matter of this petition whose names are unknown to the plaintiff; that said unknown parties are heirs-at-law of John W. Charles, deceased, and any other person claiming any right or title in the land described in this petition, derived from said John W. Charles and heirs, are owners of the land described in this petition as tenants in common; that said heirs derived their title from said John W. Charles by descent, he having died possessed of

said land; that the said other parties, if any, are grantees of said John W. Charles, or his said heirs. It is therefore ordered by the court that publication be made in the 'Neosho Times,' a newspaper published weekly in the city of Neosho, Newton county, Missouri, notifying you, the said defendants, of the commencement of this suit, the general nature," etc., concluding as usual.

But the publication actually made, as shown by the printer's affidavit with appended copy, and signed by Barton J. Morrow, as clerk, was in somewhat different language, being in the nature of a notice, framed by the clerk upon the basis of the court's order, but neither the relator nor his attorney designated any newspaper as most likely to give defendants notice. And the published notice omitted all that part of the order specifying the newspaper.

(3) Interlocutory judgment, of May 2, 1881, reciting proof of publication filed February 5, 1881, and notice by such publication as ordered, to "the unknown heirs of John W. Charles, and all other persons interested in the hereinafter-described lands."

(4) Proof of publication, being affidavit of publisher of the "Neosho Times," showing only imperfect publication as above mentioned.

(5) Final judgment for $10.21 taxes, $4.50 interest and $18.80 costs against "said defendants" (described as "the unknown heirs of John W. Charles and all other persons interested" in the land), to be levied of the "said real estate," and that the lien of the state be "enforced and foreclosed," etc.

(6) Acknowledgment by the sheriff of execution of the sheriff's deed.

(7) Special execution in usual form, following the description of defendants as in the other proceedings.

This closed the evidence in the case. Plaintiffs then prayed the court to declare the law as follows: "The

court declares the law to be that, under the petition and proceedings in the tax suit against the unknown heirs of Charles *et al.*, the court did not acquire any jurisdiction of the parties defendant; and the sale and deed thereunder did not convey any title. And if it be found from the evidence that plaintiffs are the heirs and legal representatives of John W. Charles, deceased, the plaintiffs must recover in this action.

But the court refused to give said declaration, to which action of the court plaintiffs duly excepted at the time. The trial court then entered judgment for defendant, against the objection of plaintiffs, who duly excepted thereunto at the time.

And on the same day of the judgment plaintiffs filed their motion for a new trial because the judgment was against the law and against the evidence; and because the court erred in refusing to give the declarations of law asked by plaintiffs; and because the court had no jurisdiction in the tax suit.

I. The declaration of law, asked by the defendant at the close of the plaintiffs' *prima facie* case, was correctly refused by the court. The defendant had not gained a title by lapse of time, seeing that the sheriff's deed, which gave origin to the title on which his defense is bottomed, only dates from August, 1881. And sections 3225, 3226, Revised Statutes, 1879, have no bearing on this case whatever.

Section 3225 provides for a case where the land is "in the lawful possession of another," and the claimant, *i. e.*, plaintiff, has not been in possession of, etc., for thirty successive years, paying no taxes, etc., and the *equitable* title to which has emanated from the government more than ten years, then within one year from the approval of this act, etc., which was approved February 27, 1874.

Section 3226 also relates to *equitable* titles to lands, where the possession has been adverse for twenty years, etc. None of those sections fit this case.

This is a contest between two purely *legal* titles. Those sections constitute a special statute of limitations, as has been ruled by this court. They do not apply to ordinary actions of ejectment, nor to cases of ordinary adverse possession. Consequently the possession of the defendant, and those under whom he claims for less than the usual statutory period, created no bar to the action of the plaintiffs.

II. The reliance of the defendant upon the tax proceedings, which culminated in the sheriff's deed aforesaid, was no more worthy or well founded than the statute of limitations before mentioned. The statement in regard to the interest of the unknown heirs of John W. Charles was not verified under oath as expressly required by section 3499. This was essential to the acquisition of jurisdiction, and lacking this essential no jurisdiction was acquired in the tax suit by the Newton circuit court. *State ex rel. Petts v. Staley*, 76 Mo. 158.

In all cases where constructive or substituted service is had in lieu of that which is personal, there must be a strict compliance with statutory provisions and conditions. *Quigley v. Bank*, 80 Mo, 289, and cases cited ; Wade on Notice, sec. 1030 ; *Morey v. Morey*, 11 Rep. 198 ; *Settlemier v. Sullivan*, 97 U. S. 444.

There is a distinction to be taken between section 3499 and section 3494 ; a distinction as to the necessity of verification by oath where unknown defendants are concerned, which was pointed out in *Elting v. Gould*, 96 Mo. 535.

The foregoing considerations lead to reversing the judgment and remanding the cause, and it is so ordered. All concur.