MYERS, *Appellant*, v. McRAY *et al.*

Division Two, February 28, 1893.

114  377
  83a 150
f83a 299

114  377
  91a 678

1. **Judgment, When Not Subject to Collateral Attack.** A judgment which is not void, as it appears from the record, is not subject to collateral attack.

2. **Practice**: CONSTRUCTIVE SERVICE. Where constructive instead of personal service is authorized there must be a strict compliance with the statutory requirements to render it valid.

3. ———: ———: DELINQUENT TAXES: UNKNOWN HEIRS: VOID JUDGMENT. Under the statute (Revised Statutes, 1889, sec. 2027) providing that in an action against unknown parties the allegations of the petition as to such parties and their interests shall be verified under oath, and the provision (Laws 1877, sec. 6, p. 386) that the practice in civil cases shall apply, as far as practicable, in actions for delinquent taxes, the court acquires no jurisdiction in an action for delinquent taxes against unknown parties where the allegations as to the interest of such parties are not verified as required and the judgment in such case and all subsequent proceedings under it are void and of no effect.

*Appeal from Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*Scott & Hoss* for appellant.

No jurisdiction was ever acquired in the tax suit in question. The statute, Revised Statutes, 1889, section 2027, had not been complied with, hence there was no basis for an order of publication, the petition in said case being unverified and containing none of the allegations required by said section. *State ex rel. v. Staley*, 76 Mo. 160; *Quigley v. Bank*, 80 Mo. 297; *Charles v. Morrow*, 99 Mo. 646, and cases there cited. Since "the entire record in the tax suit" is in evidence here, no presumption can be indulged to the effect that the plaintiff in said suit did allege in his petition under oath anything. If an act appears in the roll as having been done in a specified manner, no presumption arises that at some future time the act was done in a more efficient manner; to indulge such a presumption would be to contradict the record which imports absolute verity. When therefore the record shows that certain

steps were taken to procure jurisdiction and the law does not consider those steps sufficient, the judgment will be regarded as void for want of jurisdiction. Freeman on Judgments, sec. 125, cited and approved by this court in *Cloud v. Inhabitants*, 86 Mo. 368. The presumption is that the clerk does his duty in preserving the records. And the parol evidence introduced by defendants is not sufficient to overthrow this presumption. Besides the parol evidence offered by plaintiff upon this point and excluded by the court should have been admitted. While parol evidence is not admissible for the purpose of contradicting a record, it is admissible for the purpose of showing what the record really is (*Blodgett v. Schaffer*, 94 Mo. 652), and the judge's minutes are admissible for the same purpose. The evidence does not support an affirmative finding on the case presumed in the instruction number 4, given on behalf of defendants; besides the law declared in said instruction is not supported by the authorities. The law will not presume that the petition was verified by the plaintiff; and proceeding by affidavit is not permissible in this class of cases. Besides there is no pretence that the petition or affidavit or order of publication, assumed in said instruction, contained any allegation or recital as to the interest of the defendants in the subject-matter of the suit, except that they "had some interest in said lands, acquired by inheritance from Joseph F. Pond." This of itself was fatal to jurisdiction. Constructive service is not favored by the law and all presumptions are indulged against it. *State ex rel. v. Field*, 107 Mo. 445; Wade on Notice, sec. 1030. The court committed no error in refusing instructions 1 and 2, as prayed by defendants. *Schultz v. Lindell's heirs*, 40 Mo. 355; *Thompson v. Gaillard*, 3 Richardson's Law (S. C.), 418.

*Stone, Hoss & King* for respondents.

The judgment in the tax suit cannot be attacked in this suit. It cannot be impeached, varied or contradicted by parol testimony. *Adams v. Cowles*, 95 Mo. 501, and authorities cited.

BURGESS, J.—This is an action of ejectment for the possession of the south half of lot 8 in block 1 in the city of Nevada, Vernon county. The petition is in the usual form. The answer is a general denial, except that it admits that defendants are in possession.

Plaintiff showed a regular chain of title from the United States Government in one Joseph F. Pond; his, Pond's death, and conveyances by deed from his heirs to plaintiff.

Defendant introduced evidence tending to show that the lot was unoccupied in the year 1877, when S. S. Bigelow took actual possession of it; and that he, in 1879, traded it to one W. B. McGinnes, and that McGinnes and his grantees have been in the actual possession ever since. Defendants also claim title under a sheriff's sale for taxes, made on the seventh day of May, 1879, under judgment rendered against Joseph F. Pond's heirs in the circuit court of Vernon county on the fourteenth day of November, 1878, in favor of F. P. Anderson, collector; at which sale W. R. Crockett became the purchaser and afterwards conveyed to W. H. Robinson, under whom defendants occupy the premises as his, Robinson's, tenants.

I. The case turns altogether on the judgment for delinquent or back taxes against the unknown heirs of Joseph F. Pond, by and through which judgment defendants' lessor Robinson claims title. If the judgment is void—and it so appears from the record—plaintiff is entitled to the possession of the lot sued

for; otherwise he is not, and the judgment of the court below must be affirmed.

The suit for back taxes was instituted on the fifth day of March, 1878, and by section 6 of the act of the legislature (Laws 1877, page 386) entitled "Revenues —Delinquent Taxes," it is provided that the general laws of the state as to practice and proceeding in civil cases shall apply so far as practicable and not contrary to the act. By section 2027, Revised Statutes of 1889, it is provided that "if any plaintiff shall allege in his petition, under oath, that there are or that he verily believes there are persons interested in the subject-matter of the petition whose names he cannot insert therein because they are unknown to him, and shall describe the interest of such persons and how derived, so far as his knowledge extends, the court or the judge, or clerk thereof in vacation, shall make an order as in case of non-residents, reciting moreover all allegations in relation to the interest of such unknown parties."

The petition upon which the judgment was rendered is entitled: *"The State of Missouri, to the Use of E. P. Anderson, Collector, etc., v. Joseph F. Pond, Estate or Heirs;"* but it nowhere alleges the death of Pond, nor does it allege that the names of the heirs cannot be set out because unknown, what their interest is, or how or in what manner derived, nor was the petition sworn to.

Upon the filing of the petition in the office of the clerk of the circuit court, an order of publication was issued by him, which is somewhat broader in its scope than the petition. This order of notice was duly published in the Vernon County Democrat. Subsequently, however, and at the May term, 1878, of the circuit court, the order of publication was renewed and made returnable to the November term of said circuit court

next thereafter, and it was *also* duly published in the Vernon County Democrat. At this term judgment was rendered for the amount of taxes, interest and costs; and the lot subsequently sold by the sheriff under special execution, at which sale Crockett became the purchaser and received a sheriff's deed therefor. The judgment and execution contain the same recitals as to the unknown heirs as do the petition and order of publication.

There was some little evidence tending to show that after the original petition was filed, and before the *alias* order of publication was issued by the order of the court, that an amended petition was filed containing the necessary averments to confer jurisdiction on the court; but this is not borne out by the evidence. If the judgment is not void as appears from the record, it is not subject to collateral attack.

II. In all cases where constructive service is authorized, instead of personal, there must be a strict compliance with the statutory requirements. This was so held by this court in the case of *Charles v. Morrow*, 99 Mo. 638, and authorities therein cited, and seems to be well settled law. It was, therefore, necessary in order to confer jurisdiction on the circuit court that the statements in the petition in regard to the interest of the unknown heirs of Joseph F. Pond should have been verified under oath as expressly required by Revised Statutes, 1889, sec. 2027, and as this was not done the circuit court of Vernon county acquired no jurisdiction, and the judgment and all subsequent proceedings thereunder are absolutely void and of no effect. *Charles v. Morrow*, *supra*; *State ex rel. v. Staley*, 76 Mo. 158; *Quigley v. Bank*, 80 Mo. 297.

The case of *Adams v. Cowles*, 95 Mo. 501, instead of being in conflict with the views herein expressed, as

·contended by respondent, is in harmony with and is an authority for the position taken by us in this case.

There is a distinction to be taken between· sections 2022 and 2027, Revised Statutes, 1889, as to the necessity of verification by oath where unknown defendants are concerned, which was made manifest in the case of *Elting v. Gould*, 96 Mo. 535.

III. At the close of the evidence plaintiff asked the following instruction, to-wit: "The court declares as a matter of law that under the evidence in this case the plaintiff is entitled to recover," which was refused.

The court then gave the following instructions at the request of defendants:

"3. The court declares that the judgment of the Vernon county circuit court for delinquent taxes due ·on the land in controversy in the case of *The State of Missouri ex rel. Anderson v. The Unknown Heirs of Joseph F. Pond*, deceased, under whom plaintiff claims, which judgment the defendants have offered in evidence, is not void, and that the said judgment and the sheriff's deed based thereon offered in evidence by the defendants ·and under which they claim title by *mesne* conveyances, ·cannot be attacked or vacated by the plaintiff in this action in a collateral proceeding, and the finding should therefore be for the defendant.

"4. If the court finds from the evidence that the records of the Vernon county circuit court show that a ·petition and affidavit were by the plaintiff presented to said court in term in the case of *The State of Missouri ex rel. F. P. Anderson, Collector, etc., v. The Unknown Heirs of Joseph F. Pond*, deceased, brought to enforce the lien of the state for delinquent taxes due on the land in controversy, and that said records show that said petition and affidavit stated that the defendants in said case had some interest in said lands acquired by inheritance from Joseph F. Pond, and that the names,

ages and residences of said defendants were unknown to plaintiff, and shall further find that the records of said court further show that it was ordered that an order of publication reciting the allegations in said petition and affidavit be made notifying defendants in said suit of the pendency thereof, and shall further find that such an order of publication was in fact made and published, and that the records of said court show that said court found and adjudged that defendants had been duly notified of the pendency of said suit by the publication of such order and thereupon rendered judgment in said cause for the enforcement of the lien for delinquent taxes, then the court declares that said judgment is not void and that this plaintiff cannot attack or vacate said judgment or the sheriff's deed based thereon and offered in evidence in a collateral proceeding.

"5. The court declares that under the proof in this case the finding should be for the defendants."

For the error of the court in refusing the instruction asked by plaintiff, and in giving those asked by defendants, the cause is reversed and remanded. All of this division concur.