ROHRER *et al.* v. ODER *et al.*, *Appellants.*

Division One, July 9, 1894.

1. **Tax Suits**: NONRESIDENTS: PUBLICATION: JURISDICTION. In tax proceedings against unknown parties, the facts authorizing notice by publication, under Missouri law, must be verified; otherwise no jurisdiction is acquired over said parties. As to them, it is not sufficient to allege merely their nonresidence, in obtaining an order of publication. But such an allegation is sufficient as to named defendants.

2. ———: JEOFAILS: JURISDICTIONAL DEFECTS. The statute of jeofails does not cure jurisdictional defects in a record.

3. **Tax Lien**: WIDOW: MARITAL RIGHTS. The state's lien for taxes is paramount to any interest of a widow in her deceased husband's estate, and her interest may be subjected to sale upon failure to pay such taxes.

4. **Dower, Tansfer of**: STATUTE. Unassigned dower may be transferred under section 4514, Revised Statutes of Missouri, 1889.

*Appeal from Bates Circuit Court.*—HON. JAMES H. LAY, Judge.

REVERSED AND REMANDED.

*R. F. Buller* for appellants.

(1) The affidavit of nonresidence was sufficient to authorize the making of the order of publication. R. S. 1879, sec. 3494; *Burnett v. McCluey*, 92 Mo. 230; *Allen v. Ray*, 96 Mo. 592. (2) Moreover, the judgment recites that the court found that the defendants had been duly notified by publication, etc., and this can not be questioned collaterally, as in this ejectment. *Freeman v. Thompson*, 53 Mo. 183; *Hardin v. Lee*, 57 Mo. 241; *Brawley v. Ranney*, 67 Mo. 280; *Kane v. McCown*, 55 Mo. 183; *Rumfelt v. O'Brien*, 57 Mo. 569. (3) The same presumptions arise in favor of the judg-

Rohrer v. Oder.

ment of the circuit court in tax cases under the law of 1877, as in other cases. *Wellshear v. Kelley*, 69 Mo. 343; *Jones v. Driskill*, 94 Mo. 190. (4) And even if it were competent to overthrow the recitals as to due service, it could not be done by producing a more defective petition without any evidence that it was the only paper of the kind on file, and that there was no other affidavit. On the contrary, the presumption would be that the court acted upon good and sufficient affidavits. *Jones v. Manly*, 58 Mo. 559. (5) The court had jurisdiction over the object-matter of the action. The proceedings were *quasi* (at least) *in rem*. *State ex rel. v. Seargeant*, 76 Mo. 557; and in such cases they can not be collaterally questioned on the ground that there was some defect in the petition or affidavit upon which the order of publication was predicated. Blackwell on Tax Titles [4 Ed.], 630; *Gitchell v. Kreidler*, 84 Mo. 473; *Freeman v. Thompson*, 53 Mo. 183; *Hardin v. Lee*, 57 Mo. 241; *Delaney v. Gault*, 30 Pa. St. 63; *Pidgeon v. State*, 36 Ill. 251. (6) Moreover, the defect, if any, was cured by the statute of jeofails, which says: * * "No judgment shall be impaired for the want of any suggestion for answering process or any insufficient suggestion." In this case the publication is the "process" and the affidavit the "suggestion." R. S. 1879, sec. 352. (7) The order of publication itself is sufficient to satisfy the requirements of section 3499, as to the absent or unknown parties. It gives these parties just the same and as much notice as it would if the petition had been verified by the most formal affidavit in the world, and that is sufficient. *Burnett v. McCluey*, 92 Mo. 230. (8) Aside from any question as to the validity of the judgment against the unknown heirs, it was unquestionably good at against plaintiff Harriet Rohrer. *Lenox v. Clark*, 52 Mo. 115. (9) And such being the case, the sheriff's deed conveyed her interest

and was a complete bar to her recovery, consequently defendant's third declaration of law ought to have been given. A widow, after the death of her husband, can convey her dower interest by quitclaim deed. *Bray v. Conrad*, 101 Mo. 331. (10) The dower interest is part of the fee. *Doty v. Baker*, 11 Hun, 222; *Moore v. New York*, 4 Sandf. 456. (11) She is a joint owner of the land with the heirs, and, as such, is a necessary party to the tax suit; and, being a necessary party, it necessarily follows that a valid judgment, enforcing the state's lien, can be rendered against her, and her interest, whatever it is, can be sold thereunder. *Evans v. Robberson*, 92 Mo. 192; *Stafford v. Fizer*, 82 Mo. 393. (12) The legislature has power to divest even the wife's inchoate right of dower, by a tax sale. Cooley on Taxation [2 Ed.], 444; Black on Tax Titles, secs. 138, 954; Cooley's Const. Lim. [3 Ed.], 360; 2 Scrib. on Dow., p. 8, *et seq*; *Massoon v. Rice*, 29 N. W. Rep. 168; *Jones v. Devore*, 8 Ohio St. 430. (13) And it would not help the respondent's case to hold that her interest in the land was a mere intangible right of action, which could not be sold, for in that case she certainly could not recover in ejectment, and a judgment in ejectment in favor of several, one of whom is not entitled to recover, is bad. *Primm v. Walker*, 38 Mo. 94.

*W. C. Hastin* for respondent.

BARCLAY, J.—This is an action of ejectment to recover a tract of land in Cedar county.

The pleadings need not be quoted. The issues are clear.

The case was begun where the land lies, but was removed by change of venue to Bates county, where it was tried by the circuit judge, without a jury.

Rohrer v. Oder.

Both parties trace title to Emmanuel Rohrer, who acquired the land by deed in 1858. He died in the state of Illinois in 1868, leaving the plaintiffs, who are his widow, his sons and daughters, surviving him.

The husbands of the married daughters are also joined as plaintiffs.

The defendants are in possession, and claim title as purchasers, through mesne conveyances, under a judicial sale of the land for taxes.

The only question in the case is as to the validity of the proceedings in the circuit court of Cedar county, leading up to that sale.

After plaintiffs had proved their relationship to the deceased, defendants introduced a judgment for delinquent taxes, for the years 1869, 1870, 1871, 1872, 1873, 1874, 1875 and 1876, against Harriet Rohrer, the widow, and the unknown heirs of Emmanuel Rohrer, deceased, together with a sheriff's deed to the purchaser on execution, under that judgment.

The judgment is of date, September 23, 1878, and the sheriff's deed, of March 20, 1879, all in due form.

In rebuttal, the plaintiffs offered and read in evidence papers purporting to be the original files in the tax suit. In them, it is claimed, the defects, fatal to the title of the defendants claiming under the judgment in that suit, appear.

The material parts of the petition in that cause, bearing on the points of controversy, are as follows (omitting all formal recitals of dates and amounts of taxes, there being no dispute as to them), viz:

"The state of Missouri, at the relation and to the use of H. C. Hackleman, collector of the revenues of Cedar county, in the circuit court of Cedar county, Missouri.

"State of Missouri, Plaintiff,
              *v.*
"Harriet Rohrer and the unknown
     heirs of Emmanuel Rohrer,
     deceased, Defendants.

"The state of Missouri, who sues in this behalf at the relation and to the use of H. C. Hackleman, collector of the revenue within and for the county of Cedar, states that H. C. Hackleman is now, and for a long time has been, the legally qualified collector of the revenue," etc.

"That under and by virtue of the laws of the state of Missouri, in full force and effect at the times hereinafter mentioned, the officers and agents of said state and county having legal authority so to do, there were levied and assessed upon the following described real estate, situate in the said county of Cedar, to wit:" (Here follows a long recital as to land and the taxes, in the usual form in such cases.)

* * * "That defendants are the owners of said real estate and, though often requested to pay, have failed, neglected, and refused to do so. That the ages and names of the said defendants, the unknown heirs of Emmanuel Rohrer, deceased, are unknown to plaintiff.

"That the interest they have in said lands is, by descent from the said Emmanuel Rohrer, deceased.

"That the defendant, Harriet Rohrer, is the widow of the said Emmanuel Rohrer.

"That all of said defendants are nonresidents of the state." (Here follows a long recital as to the back tax law, the lien of the state, attorneys' fees, and a prayer for judgment, etc., in the usual form, and signed.)                 "HOFF & BURR,
                    "Attorneys for Relator."

To this petition was annexed an affidavit, of which the following is a copy, viz:

"Walt B. Burr, one of the attorneys for plaintiff, makes oath and says he has cause to believe, and does believe, that the defendants are nonresidents of this state. (Signed) WALT. B. BURR,

"Sworn to and subscribed before me, this 23d day of January, 1878. LEWIS GRAVELY,

"Circuit Clerk.

"Filed, January 23, 1878."

Annexed to said petition was a tax bill in usual form, duly certified by the collector of said county.

An order of publication was thereupon made by the court, at the March term, 1878, as follows:

(Title of cause:)

"Now at this day comes the plaintiff by attorneys, and it appearing to the court that the defendants are nonresidents of this state, it is therefore ordered that publication be made, notifying them that an action has been commenced against them in the circuit court of Cedar county, Missouri, the object and purpose of which is to enforce the lien of the state of Missouri for the state, county, road and school taxes for the years" (setting forth the taxes and describing the land) * * *

"And that the interest, which the said defendants, the unknown heirs of Emmanuel Rohrer, deceased, have in said real estate, is by inheritance from the said Emmanuel Rohrer, deceased. And that unless they be and appear at the next term of this court, to be held at the courthouse in the town of Stockton, in said county of Cedar, on the third Monday in September, 1878, and on or before the sixth day thereof (if the term shall so long continue, and if not then before the last day of the term) plead, answer or demur to the plaintiff's petition, the same will be taken as con-

fessed, and judgment rendered accordingly, and the real estate sold to satisfy the same.

"It is further ordered that a copy hereof be published in the '*Stockton Journal*,' a weekly newspaper, printed and published in said county of Cedar, for four weeks successively, the last insertion to be at least four weeks before the commencement of the next regular term of this court."

To the foregoing order of publication was appended an affidavit of the publisher of said newspaper, showing that the order was duly published for four successive weeks, from June 27 to July 18, 1878, inclusive.

The defendants in the case at bar objected to the files in the tax suit, above quoted, on the ground that they were insufficient to defeat the effect of the judgment, the substantial portions of which are these, viz:

"The State of Missouri, at the relation and for the use of H. C. Hackleman, collector of the revenue of Cedar county, Missouri, Plaintiff,

v.

"Unknown heirs of Emmanuel Rohrer, deceased, and Harriet Rohrer, Defendants.

"Now at this day comes the plaintiff by attorney, and it appearing to the satisfaction of the court that the defendants have been duly notified of the pending and nature of this suit by publication in the *Stockton Journal*, a weekly newspaper regularly printed and published in Cedar county, Missouri, for four weeks successively, the last insertion having been more than four weeks before the first day of this term of this court, and being three times solemnly called, came

not, but make default; and the cause coming on to be heard and the issues, all and singular, are submitted to the court, and the court doth find from the evidence that the defendants are the owners of the real estate hereinafter described, situated in Cedar county, Missouri; and it is further found by the court that the taxes for the years 1869, 1870, 1871, 1872, 1873, 1874, 1875 and 1876 remain due and unpaid on the" (Here follows a description of the land.) "as follows:" (Here follow in detail the various items of taxes.) "That the plaintiff has a lien on the said real estate for the taxes and costs thereon, and for the fees of the attorney, of ten per cent., and the collector's commission of four per cent. of the amount of taxes and interest paid into the treasury on each, chargeable thereon as costs.

"It is, therefore, considered and adjudged by the court, that the plaintiff, for the use of the relator as collector of the revenue of said county of Cedar, have and recover of and from the defendants, the said sum of $44.90 taxes, and $7.75 interest found to be due as aforesaid on said real estate, together with the fees, commissions and costs in this behalf laid out and expended; and it is further ordered, adjudged and decreed by the court that the lien of the state of Missouri, for the said taxes, interest, and the interest of defendants, of, in and to the same be foreclosed, and the said real estate, or so much thereof as may be necessary to satisfy the said judgment, interest, fees, commissions and costs be sold; and that the plaintiff have a special *fieri facias* therefor.".

The trial court overruled the objection to the files; and likewise refused, later, at the close of the evidence, to declare the law to be that the record and files in said tax suit did not impair or overthrow the judgment and sheriff's deed therein.

The court further refused to declare that the pro-

ceedings in the tax suit were valid and sufficient as against Harriet Rohrer to convey her interest in the land in controversy; and that there could be no recovery by her in this action.

These rulings were duly excepted to.

The court found for plaintiffs; and defendants appealed after an unsuccessful move for a new trial, and the usual formal steps to secure this review.

1. The production of the file of original papers in the tax suit, by the present plaintiffs, disclosed that the petition (on which the judgment therein rested) proceeded against some of the defendants without naming them, alleging that their names were unknown to the plaintiff.

It must be taken as settled by the ruling in *Charles v. Morrow* (1890), 99 Mo. 638, that the facts necessary to sustain process by publication against unknown parties, should be verified; otherwise jurisdiction as to such parties is not obtained.

The affidavit of their nonresidence is not sufficient to meet the particular requirements of the statute (R. S. 1889, sec. 2027) as to such unknown parties. *Bleidorn v. Pilot Mountain Co.* (1890), 89 Tenn. 204.

The tax judgment must hence be held absolutely null, as to the "unknown heirs of Emmanuel Rohrer;" and the trial court was correct in so holding in view of the positive decision of the supreme court already cited to that point.

The defendants seek, however, to avoid the force of that ruling by claiming that the "want of any suggestion for awarding process," or "any insufficient suggestion," is cured by the statute of amendments. Revised Statutes, 1889, section 2113, same as section 3582 of 1879.

But it must be obvious, upon very slight consideration of that claim, that the statute of jeofails can

not come into play upon a judgment as a curative agency, until jurisdiction to act upon the rights of the person concerned has attached.

Where the court has no jurisdiction over a particular party, the statute of jeofails does not, of itself, confer such jurisdiction; or, at least, the clause of it above quoted does not have that effect, which is all the case in hand requires us to say.

2. But as to the interest of Harriet Rohrer, the tax judgment and sale were entirely valid.

As to her it was only essential that the petition in the tax case should recite the fact of her nonresidence to lay a foundation for a valid order of publication against her. *Elting v. Gould* (1888), 96 Mo. 535. The petition made that recital, and the subsequent steps in the matter of the publication of the order, etc., to the sheriff's sale, appear regular throughout.

The lien of the state for taxes was paramount to any interest or estate she had in the land as the widow of Emmanuel Rohrer, and her interest therein was chargeable with, and subject to, that lien.

She might, by her own act, have released her interest in the land to anyone permitted by law to take such a release; and we consider that the sheriff's deed, under the tax judgment against that interest, was valid and sufficient to convey her estate, such as it was, to the purchaser under the judgment.

As against the title of Harriet Rohrer, thus conveyed, the tax proceedings were plainly good, and constitute a bar to her recovery in the present action. The learned trial judge was in error in holding to the contrary.

This case is governed by the law in force prior to the enactment of section 4514 (R. S. 1889); other-

wise the transfer of her unassigned dower would be affected by that section, if her holding was of that nature.

The judgment is reversed and the cause remanded for a new trial. BLACK, C. J., and BRACE and MACFARLANE, JJ., concur.