LACLEDE LAND & IMPROVEMENT COMPANY, Appellant, v. NORA EPRIGHT et al.

Division Two, May 25, 1915.

1. **LIMITATION: Possession Under Color of Title: By Corporation.** Actual occupancy and cultivation of a part of a tract of land under color of title and claim of the whole, by the agents and tenants of a corporation and in its behalf, is possession of the whole by such company.

2. ———: **Thirty-Year Statute: Lawful Possession.** The lawful possession mentioned in section 1884, Revised Statutes 1909, means an actual possession obtained in a lawful manner; the statute does not mean that the mere constructive possession which follows the legal title where there is no actual adverse possession can be considered the lawful possession contemplated by it.

3. ———: ———: ———: **Legal or Equitable Title.** The thirty-year Statute of Limitations (Sec. 1884, R. S. 1909) applies to both legal and equitable titles. A patent legally issued conveys both the legal and equitable title, and the fact that the two titles are thereby merged does not prevent the said statute from becoming applicable. [Overruling Charles v. Morrow, 99 Mo. 638.]

4. ———: ———: **Payment of Taxes: Burden.** A party who claims land under the thirty-year Statute of Limitations (Sec. 1884, R. S. 1909) must show that the claimant out of possession has not paid any taxes on the lands in controversy during the thirty-year period next preceding his actual possession. The burden of showing non-payment of taxes by a claimant out of possession rests. upon the party who asserts that no taxes were paid, though the proof need not be by direct evidence. Evidence from which such non-payment may be legally inferred will be sufficient.

5. ———: ———: **Pleading.** The thirty-year Statute of Limitations need not be specifically pleaded by the party relying upon its provisions as his basis for establishing title.

6. **NEW TRIAL: On Any Valid Ground.** The order of the trial court granting defendants a new trial which did not designate the grounds upon which the motion therefor was sustained, will be affirmed on appeal, if the new trial was properly granted on any ground designated in the motion.

Appeal from Reynolds Circuit Court.—*Hon. E. M. Dearing,* Judge.

AFFIRMED AND REMANDED.

*J. B. Daniel* for appellant.

(1) There was no error in the trial of this case. The judgment was for the right party, and the motion for a new trial should have been overruled. R. S. 1909, sec. 1884; Abeles v. Pillman, 261 Mo. 359; Collins v. Pease, 146 Mo. 135; Rollins v. McIntire, 87 Mo. 496; Campbell v. Greer, 209 Mo. 199. (2) Where there is no conflict in the evidence and the judgment is for the right party under the law, it is not within the discretion of the trial court to grant a new trial. Loftus v. Railway, 220 Mo. 470; Huston v. Railroad, 151 Mo. App. 335.

*R. I. January* and *W. F. Gray* for respondents.

(1) Trial courts have inherent power to grant a new trial. Multon v. Croskey, 111 Mo. App. 18; State ex rel v. Adams, 84 Mo. 310; Simpson v. Blunt, 42 Mo. 544; McCabe v. Lewis, 76 Mo. 301. (2) It is left to the sound discretion of the trial court to grant a new trial on the weight of the evidence. Rodan v. Transit Co., 207 Mo. 392; Farrell v. Transit Co., 103 Mo. App. 454; Loftus v. St. Ry. Co., 220 Mo. 479; McCarty v. Transit Co., 192 Mo. 396; Seger v. Silver, 193 Mo. 407. (3) The appellate court will not interfere with the trial court in granting a new trial upon the ground that the

finding of the court was against the weight of the evidence unless upon the undisputed facts in the case no verdict or finding for the party asking for a new trial could ever be allowed to stand. Mining Co. v. Webster, 193 Mo. 351; Fitzjohn v. Transit Co., 183 Mo. 74; Haven v. Railroad, 155 Mo. 216; Bohle v. Mercantile Co., 114 Mo. App. 439. (4) It devolves upon the one appealing from the order granting a new trial to show that the court erred in so doing. Hewitt v. Steele, 118 Mo. 463; Miller v. Car Co., 130 Mo. 523; Baughman v. Fulton, 130 Mo. 559. (5) Possession to defeat recovery of real estate, must be continuous for the full period of ten years. Stone v. Perkins, 217 Mo. 601; Turner v. Hall, 60 Mo. 275. (6) It would be a new and dangerous doctrine to hold that a possession under color of title may be discontinued before the expiration of ten years, and that thereafter the constructive possession of the land would follow the color of title instead of the true title. Turner v. Hall, 60 Mo. 275; Stone v. Perkins, 217 Mo. 601. (7) The thirty-year Statute of Limitation cannot be invoked under the facts in this case for the reason: First, Because the land in litigation was wild, uncultivated timber lands, and no one was ever lawfully in possession of any part thereof until appellant, under its void deed, got one John Barton (a squatter) in 1895 to take a lease on a small piece of land in section 5; second, because the possession of unoccupied wild lands follows the legal title, and hence respondents were, in contemplation of law, in the possession of said premises from 1862, until 1895, when appellant took possession under the lease to Barton, and therefore were in possession within thirty years before this suit was begun. Stone v. Perkins, 217 Mo. 601; Turner v. Hall, 60 Mo. 275; Weir v. Lumber Co., 186 Mo. 397.

BROWN, J.—Action to determine and quiet title to real estate. The trial court entered a judgment for

plaintiff, which, upon motion of defendants, was set aside and a new trial granted. From the order granting such new trial plaintiff appeals.

The contention of plaintiff is that the evidence conclusively shows that it has acquired the title to the land in controversy under what is commonly known as the thirty-year Statute of Limitation (Sec. 1884, R. S. 1909), and that the court erred in granting defendants a new trial.

The land in controversy is the south half of the southwest quarter of section 5, and the north half of the northwest quarter of section 8, township 32, range 1 west, in Reynolds county, Missouri, except six acres which will hereafter be noted.

The defendants are the collateral heirs of one Allen W. Barrackman, who purchased all the land in controversy from the United States in the year 1858, and who was killed during the Civil War (between 1861 and 1865).

Said south half of the southwest quarter of section 5 was sold for delinquent taxes in 1884 and purchased by one White, while the north half of the northwest quarter of said section 8 was sold for delinquent taxes in 1885 and purchased by one January. The last-mentioned tract was again sold for taxes in 1890 and purchased by one Jamison. Said White, January and Jamison placed their sheriffs' tax deeds on record in Reynolds county soon after their respective purchases, and plaintiff has acquired by *mesne* conveyances from said White, January and Jamison whatever title, or color of title, those sheriffs' deeds conveyed.

Plaintiff concedes that all of the above-mentioned tax sales were void, by reason of the fact that Barrackman, whose title they purported to convey, had died long before the suits were brought upon which the said tax sales were based.

Plaintiff's evidence of its "lawful possession" of the lands hereinbefore described, and of the other facts

which it contends gave it title under the thirty-year Statute of Limitation, consisted of a lease granted by plaintiff to one John Barton on July 25, 1895, for a small parcel of the tract in section 5, and under which lease said Barton cultivated said small parcel of land for a period of three or four years; also a lease to S. J. Freeman for about five acres of the tract in section 8, dated March 16, 1899, under which lease said Freeman cultivated said five acres in section 8 from March 16, 1899, to sometime in the year 1902.

The lands in dispute are hilly, except for small parcels of tillable land, and chiefly valuable for their timber. Plaintiff employed agents to prevent trespassers upon the timber growing on said lands.

One of the defendants testified that he had never been in the actual possession of the land in dispute, and was of the opinion that none of his codefendants had ever been in actual possession of said property. There was no evidence introduced tending to show that the defendant had *not* paid any taxes on the land in controversy within thirty years next before the plaintiff entered into possession of such land through the aforesaid tenants, unless it be held that the sheriffs' tax deeds (before-mentioned) themselves tended to prove non-payment of all taxes. Appellant's abstract does not show for what year's taxes the lands in dispute were sold.

Such other facts as may be deemed necessary to make clear the conclusions we have reached will be noted in our opinion.

I. Defendants do not contend that the possession which plaintiff exercised over the lands in controversy through its tenants and agents under the aforesaid leases was insufficient to extend its possession over all the lands in controversy during the period of time those tenants were upon the land. There

**Possession.**

does not seem to be any good reason for such a contention if it had been made, because section 1882, Revised Statutes 1909, expressly provides that "the possession, under color of title, of a part of a tract or lot of land, in the name of the whole tract claimed, and exercising, during the time of such possession, the usual acts of ownership over the whole tract so claimed, shall be deemed a possession of the whole of such tract."

I know of no reason why plaintiff could not, through its tenants or agents, take the same actual possession of a tract of land which it could have taken through its officers, if those officers were personally present upon the property. Defendants do not seem to dispute the claim that plaintiff performed such acts of ownership over the entire tract as are usually exercised by the owner of that quality of land.

II. However, defendants do contend that the constructive possession which followed their legal title to the land in dispute amounted to the "lawful possession" contemplated by section 1884, Revised **Lawful Possession.** Statutes 1909, and that, therefore, respondents were in "lawful possession" of said property within a period of time less than thirty years before plaintiff leased said lands as hereinbefore noted and the thirty-year statute does not bar them.

The contention of defendants that their constructive possession of the lands in dispute under their legal title gave them the "lawful possession" thereof, contemplated by section 1884, Revised Statutes 1909, is untenable. The lawful possession mentioned in said section 1884 clearly means an actual possession obtained in a lawful manner, because the same statute requires a claimant who is out of possession to bring his action under certain conditions within one year to recover such land. This, in my judgment, refers to an action in ejectment, because in 1874 when the thirty-

year statute was first enacted (Laws 1874, p. 118) there was no statute in Missouri which authorized suits to quiet title to unoccupied lands. Such last-named statute was first enacted in 1897. [Laws 1897, p. 74.] An action in ejectment will not lie against a claimant to land who is not in possession thereof. [Secs. 2385 and 2389, R. S. 1909.]

To sustain their contention that they are not barred by the thirty-year Statute of Limitation defendants cite and rely upon the case of Charles v. Morrow, 99 Mo. 638, 646, wherein the rule was announced that the thirty-year Statute of Limitation does not apply to a "contest between two legal titles." This contention of defendants is unsound.

The case of Charles v. Morrow, 99 Mo. 638 (by Division Two of this court), is in direct conflict with our prior unanimous ruling in Banc (Fairbanks v. Long, 91 Mo. 628) holding that said statute is applicable to both legal and equitable titles. It seems that Fairbanks v. Long, supra, was overlooked or ignored by the learned jurist who wrote the opinion in Charles v. Morrow, supra. The rule announced in Fairbanks v. Long that the thirty-year Statute of Limitation applied to both legal and equitable titles was reannounced by Division One of this court in Collins v. Pease, 146 Mo. 135, 139. The same doctrine was again reannounced by Division Two of this court in Campbell v. Greer, 209 Mo. 199, 216. It might be possible that the so-called thirty-year Statute of Limitation would not apply to a case where the Government or State has through mistake or inadvertence issued a patent to a party who had no right thereto, but when a patent is legally issued it carries the equitable title, and the further fact that such patent also conveys the legal title, thus merging the two titles, does not prevent the thirty-year statute from becoming applicable.

The case of Charles v. Morrow, 99 Mo. 638, being out of harmony with other prior and subsequent deci-

sions of this court, and also unsound in its reasoning, should not longer be considered a precedent. In the aforesaid case of Fairbanks v. Long, 91 Mo. 1. c. 633, is given an accurate definition of the thirty-year Statute of Limitation, which, more accurately speaking, is a thirty-one-year statute of limitation.

Upon the record the plaintiff has made out a prima-facie case entitling it to a decree under the thirty-year Statute of Limitation, except that there is no proof that defendants or their uncle, through whom they claim, have *not* paid any taxes on the lands in controversy during the thirty-year period next preceding plaintiff's actual possession through its tenants. A letter introduced in evidence shows that the uncle of defendants tried to pay taxes on the lands in dispute by sending five dollars to his agent for that purpose, and that said agent reported no taxes due on said lands on May 20, 1859.

What taxes, if any, Mr. Barrackman or his collateral heirs (the defendants) may have paid after 1859 is not shown. The rule seems to be that the burden of showing non-payment of taxes by claimant out of possession is upon the party who asserts that such taxes were not paid. [Rollins v. McIntire, 87 Mo. 496.] Such proof, of course, need not be by direct evidence, but evidence from which such non-payment of taxes may be legally inferred will be sufficient.

If the plaintiff has obtained title to the land in dispute it has acquired such title through the thirty-year Statute of Limitation, and the burden is usually upon the one asserting title by limitation to prove all the facts which confer title in that manner. [Slicer v. Owens, 241 Mo. 319, 323.] It is true that the plaintiff did not specifically plead the fact that it relied upon the thirty-year Statute of Limitation, nor do we think it was required so to plead. Under the law of this State a title to real estate acquired under a statute of limitation is a legal title, good either for the pur-

poses of offense or defense. [Scannell v. American Soda Fountain Co., 161 Mo. 606, 618, and cases there cited.] Such statute need not be specifically pleaded. [Collins v. Pease, 146 Mo. 135, 139.]

What was said by this court in Stone v. Perkins, 217 Mo. l. c. 599, also relied upon by defendants, has no application here, because it was the ten-year statute which was under consideration in that case.

III. At the trial of this cause one Cleveland Barton filed answer asserting title to six acres of the land in dispute, and by agreement of plaintiff said six acres was awarded to said defendant. The cause will have to be retried for another reason, but upon final judgment if plaintiff prevails said six acres should be awarded to said Cleveland Barton. This part of the judgment does not affect the controversy between plaintiff and the other defendants who are collateral heirs of Allen Barrackman, deceased.

**Judgment by Agreement.**

IV. It is a well-settled rule in this State that an order granting a new trial after verdict or judgment will not be reversed when the record shows a state of facts upon which said new trial may have been properly granted. The order granting the new trial in this case did not designate the ground or grounds upon which the motion therefor was sustained. Therefore, if the new trial was properly granted on any ground designated in defendants' motion the order granting such new trial should not be reversed. [Lorenzen v. Railroad, 249 Mo. 182, 187; Jiner v. Jiner, 182 Mo. App. 153.]

**New Trial.**

Being convinced that there is no evidence in the record regarding non-payment of taxes by defendants during the required period of time to vest title under the thirty-year Statute of Limitation, the order granting the new trial will be affirmed, and the cause re-

manded for further proceedings not inconsistent with the views herein expressed. All concur.