Fairbanks v. Long.

FAIRBANKS *et al., Plaintiffs in Error,* v. LONG *et al.*

1. **Ejectment:** STATUTE OF LIMITATIONS : STATUTE. The special statute of limitations contained in the act of the Legislature of February 27, 1874 ( Laws p. 118 ; R. S., sec. 3225) can be availed of as a defence without being specially pleaded.

2. ———— : ———— : ————. It is not necessary in actions of ejectment to specially plead statutes of limitation.

3. **Statute :** REVISED STATUTES, SECTION 3225. The thirty years next preceding the passage of said act of 1874 (R. S., sec. 3225) is the period contemplated by it for which the plaintiff and those claiming under him must not have been in possession of the premises, nor paid any taxes thereon, in order to be barred by the limitations contained in the act.

4. **Practice:** INSTRUCTIONS : ESTOPPEL. A party will not be heard to complain of an error in a declaration of law given for the other side, when one given for him is similarly erroneous.

5. ———— : ERRONEOUS INSTRUCTION. Although a declaration of law given for the prevailing party is erroneous, yet if the judgment on the uncontroverted evidence is for the right party, it will not be reversed.

6. **Revised Statutes, Section 3225 :** LEGAL TITLE. The act of February 27, 1874 ( R. S., sec. 3225 ), applies to cases where the legal, as well as the equitable, title has passed from the government.

7. **Limitations:** EXCEPTIONS. No exception can be claimed against the running of statutes of limitation, on the ground of infancy, or for other reasons, unless such exception is expressly mentioned in the statute.

Fairbanks v. Long.

*Error to Chariton Circuit Court.*—Hon. G. D. Burgess, Judge.

Affirmed.

*C. Hammond* and *A. W. Mullins* for plaintiffs in error.

(1) The testimony established plaintiffs' title, and that the suit was commenced in time to avoid the bar of the two years statute of limitations, except as to one of the plaintiffs. (2) The declarations of law given by the court show that on the question of title, the finding was for plaintiffs, but their recovery was barred by the non-payment of taxes, and by defendants' adverse possession under the provisions of the act of the legislature of February 27, 1874, now Revised Statutes, section 3225. The act named is not applicable under the pleadings and proof, and plaintiffs' declaration of law number three, refused by the court, should have been given. *Rollins v. Mc-Intyre*, 87 Mo. 497. (3) Conceding said act is applicable to the facts of this case, the evidence shows that all the plaintiffs, except one, were under legal disability. (4) The act is only applicable to equitable titles.

*Kinley & Wallace* and *H. Lander* for defendants in error.

(1) A general demand is sufficient to enable the defendant in ejectment to avail himself of the statute of limitations. *Campbell v. Gas Co.*, 84 Mo. 368; *Nelson v. Brodhack*, 44 Mo. 596. (2) The defendants' first declaration of law, given by the court, was not erroneous; the evidence brought the case within the act of 1874. (3) If said declaration is erroneous, still plaintiffs cannot complain, because they adopted the same theory in the fourth declaration given by the court at their

instance.    *Smith v. Culligan*, 74 Mo. 387; *Noble v. Blount*, 77 Mo. 242; *Leabo v. Goode*, 67 Mo. 126; *Holmes v. Braidwood*, 82 Mo. 610.    Both parties tried the case below, as indicated by the record in the case, on the theory that the thirty years named in the statute meant the thirty years "last past" and not the thirty years next before the passage of the act of 1874.    By this theory they are bound.    *Whetstone v. Shaw*, 70 Mo. 575; *Walker v. Owen*, 79 Mo. 563; *Holmes v. Braidwood*, 82 Mo. 617.    (4) As to the point made by plaintiffs, that plaintiffs labored under disabilities and are, therefore, excepted from the operation of the act of 1874, defendants say: The settled rule is, that the statute of limitations will run against all persons not expressly excepted.    Angell on Lim. 196; *Bucklin v. Ford*, 5 Barb. 393.    When the statute makes no exception, the courts can make none on either equitable or reasonable grounds.    *Bickford v. Wade*, 17 Vesey, 87; *Dupliex v. DeRoven*, 2 Vern. 540; *Hall v. Wybourn*, 2 Salk. 420. (5) The act of 1874 is applicable where the legal title had passed from the government more than ten years before the passage of the act.    *Mansfield v. Pollock*, 74 Mo. 185; *Rollins v. McIntire*, 87 Mo. 497.

BRACE, J.—This is an action of ejectment to recover the southwest quarter of section 22, township 56, range 21, in the county of Chariton, The petition, in the usual form, was filed January 31, 1882; the answer of defendants, David and Elizabeth Ballew, was a general denial.    Defendant, Long, filed a separate answer, and, in addition to a general denial, alleged that the land sued for was "military bounty land," and set up the two years statute of limitations, and for a further defence alleged "that he and those under whom he claims have been in the actual possession of the premises in question for many years before the commencement of this suit, and that said premises have not been

in the possession of the plaintiffs, or of any one under whom they claim, for more than thirty years next before the commencement of this suit, and that the plaintiffs,. nor any of them, nor any one under whom they or either of them claim, have paid no taxes on said premises for more than thirty years, next before the commencement of this suit, nor at any other time.'' The case was tried by the court without a jury; finding and judgment for the defendant, and brought here by plaintiffs by writ of error.

The errors assigned are: The refusal of the court to give plaintiffs' declarations of law numbered three and five, and the giving of defendants' declarations, numbered one, two, three, and four. It is conceded that the right of action of all the plaintiffs was not barred by the two years statute, and the finding of the court was upon the theory that plaintiffs' recovery was barred by section 1 of the statute of February 27, 1874. Laws of 1874, p. 118; R. S., sec. 3225.

The point made, that no issue, under that statute, was raised by the pleadings, owing to the insufficiency of Long's special plea, is not well taken, for, by the express terms of that act, in a case coming within its provisions, the claimant's recovery is not only barred, but his right and title is *ipso facto*, vested in the possessor; and, even if it were not so provided, it is well-settled law, in this state, that, in ejectment, it is not necessary to plead specially the statute of limitations. It operates upon the right and vests title, and the facts, to confer title, may be given in evidence, under the general issue. *Nelson v. Brodhack*, 44 Mo. 596; *Fulkerson v. Mitchell*, 82 Mo. 13, and cas. cit.

There was no evidence to support plaintiffs' declaration number five, and, consequently, no error in its refusal. Defendants' declaration number three was upon the two years statute of limitations, and numbers two and four are unexceptionable, and the objections to

them are not insisted upon, so that, for the determination of this cause, it will only be necessary to consider declaration number one, given for the defendant, and plaintiffs' declaration number three, refused.

The court, by its action on these last two declarations, in effect, declared the law to be, that if it appeared from the evidence that the defendants were in the actual possession of the premises in question, before and *at the time of the commencement of the suit*, in good faith claiming title thereto, and that neither the plaintiffs, nor any of them, nor any one under whom they claim, were ever in possession of said premises, or ever paid taxes on said premises, for the period of *thirty years last past*, then the defendants' possession was within the protecting provisions of section 1 of the act of February 27, 1874 (Laws, p. 118). That section reads as follows:

"Any person claiming any real estate in the lawful possession of another, and which has not been in possession of such claimant, or any one under whom he claims, for thirty consecutive years, and on which neither he, nor those under whom he claims, has paid any taxes for all that period of time, and the equitable title to which has emanated from the government more than ten years, shall, within one year from the approval of this act, bring his action to recover the same, and, in default thereof, he shall be forever barred, and his right and title shall, *ipso facto*, vest in such possessor."

Under the construction placed upon this act in *Rollins v. McIntire*, 87 Mo. 496, "the thirty years next preceding the date of the act is the period contemplated by the act, * * * and the claimant, at the date of the act, and his predecessors in the chain of title under which he claims, within said period of thirty years, as well as the person in actual possession at that date, are the parties contemplated by the act." With this instruction, so far as it goes, no fault can be found. The

operation of the act depends upon these five concurring conditions:

(1) The premises must not have been in the possession of the claimant, nor of any person under whom he claims, for thirty consecutive years next preceding the twenty-seventh of February, 1874, and no taxes must have been paid thereon for all that period of time, either by the claimant or those under whom he claims.

(2) The claimant must have failed to bring his action within one year after that date.

(3) The equitable title must have emanated from the government more than ten years prior to that date.

(4) The possessor must have been in lawful possession at that date.

(5) His possession must have been continued during the whole of the year immediately succeeding that date.

In the light of this construction of the statute, the theory upon which this case was tried is erroneous, as, under the law, as declared by the court, in order to defeat plaintiffs' recovery, it was only necessary that defendants should have been in lawful possession of the premises *at the commencement of the suit*, and that the claimants, and those under whom they claim, should never have been in possession of the premises, nor paid any taxes thereon, for the period of *thirty years last past*. Whether, for the errors contained in the declarations of law, this case ought to be reversed, will depend upon a consideration of the undisputed and uncontradicted facts in the case, and here it may as well be premised that the same error in regard to the period within which the claimant must have failed to pay taxes, contained in defendants' first declaration, is also contained in plaintiffs' fourth declaration, given by the court at their request, and they ought not to be heard to complain of an error which they invited and adopted.

*Holmes v. Braidwood*, 82 Mo. 610 ; *Noble v. Blount*, 77 Mo. 235 ; *Smith v. Calligan*, 74 Mo. 387 ; *McGonigle v. Daugherty*, 71 Mo. 260 ; *Bettes v. Magoon*, 85 Mo. 580.

The undisputed facts bearing upon the question under consideration may be briefly stated as follows : On the nineteenth of February, 1819, a patent issued from the government of the United States to James Blackburn, for the land in controversy, whose title afterwards vested in his son, John Patton Blackburn, by descent ; the latter dying intestate, the title descended to his son, James R. Blackburn, and five other children, and one grandchild of the said John Patton.  James R. Blackburn, by deed dated July 20, 1860, and *recorded January 9, 1861*, acquired all the interest of the other heirs of John Patton Blackburn, except that of the grandchild.  In 1862, James R. Blackburn died intestate, leaving surviving him one of the plaintiffs, his widow, and the others his only children, and heirs at law.  The colorable title of the defendants was a deed from the patentee, James Blackburn, to John Evans, dated June 16, 1819 ; deed from Evans to John Reed, dated October 3, 1844 ; power of attorney from Reed to W. R. Love, dated February 11, 1864 ; and deed from Reed, by his said attorney in fact, to F. McLilley, dated May 13, 1864 ; these deeds were all *recorded August 8, 1865*.  McLilley, the grantee of Reed, took actual possession of the premises in 1866, or spring of 1867, and continued in possession, improving and using the premises as his own, until his death in 1872, and his possession was continued in his heirs until April 22, 1876, when plaintiffs, or some of them, instituted suit for the premises against the tenants of said heirs, in which a non-suit was taken ; and afterwards, on the thirtieth of January, 1880, and within one year after taking said non-suit, they commenced another suit against the heirs themselves, in which another non-suit

was taken ; and within one year after taking the same, they instituted this action ; the said heirs, and the defendants who claim under the said McLilley, and who succeeded to all the right, title, and possession of said McLilley, continuing in the same actual, open, and adverse possession since McLilley's death to the commencement of the present action. Neither the claimants nor any person under whom they claim, have ever been in possession of the premises, nor have they ever paid any taxes thereon.

The facts in this case fully meet all the requirements of the act of February 27, 1874 :

(1)  The premises had not been in the possession of the plaintiffs, or of any person under whom they claim, for thirty consecutive years next preceding the twenty-seventh of February, 1874, nor had any taxes thereon been paid by them during all that time.

(2)  The plaintiffs failed to bring their action within one year after that date.

(3)  The title to the premises, legal and equitable, had emanated from the government more than fifty years prior to that date.

(4)  McLilley's heirs were in the lawful possession of the premises at that date.

(5)  Their possession continued during the whole of the year immediately succeeding that date, and

(6)  At the end of one year from that date, by virtue of the provisions of said act, plaintiffs' title was *ipso facto* vested in McLilley's heirs, and since has been acquired by the defendants.

And upon the uncontradicted evidence in the case, the court would have been warranted in declaring that the plaintiffs could not recover, from which it follows that the judgment of the circuit court ought not to be reversed for the errors in the declarations of law heretofore mentioned. R. S., sec. 3775.

In the cases of *Mansfield v. Pollock*, 74 Mo. 185,

and *Rollins v. McIntire*, 87 Mo. 496, the only cases that have been before this court involving the construction of section one of the act of 1874, the law has been held to apply to cases where the legal, as well as the equitable, title has emanated from the government, and after carefully considering the argument of counsel maintaining a contrary view, we see no good reason to depart from the ruling in those cases.

As to the remaining contention of counsel for appellants, that, at the time the act went into effect, all the plaintiffs, except one, were laboring under the disability of minority, it is sufficient to say that the statute makes no exceptions, and the settled rule is, in respect to the running of the statute of limitations, that the statute will run against all persons, "and no exception to the statute can be claimed, unless it is expressly mentioned in such statute," and "where the statute makes no exception the court can make none on the ground of any inherent equity, or because it may appear to be reasonable that the statute should not run against any party in a given case." Tyler on Ejectment, 928, 929, and cas. cit.; Angell on Lim. [6 Ed.] 203, and cas. cit. The act of 1874 was evidently intended to be a statute of absolute repose to those who came within the protection of its provisions. Judgment of the circuit court affirmed. All concur.