Shumate v. Snyder.

SHUMATE, *Appellant,* v. SNYDER *et al.*

Division One, June 8, 1897.

|140    77|
|146   192|
140    77
165   438
165   442

1. **Title Under Section 6670, Revised Statutes 1889: EX-
TINCTION OF EQUITABLE TITLE.** Where plaintiff took possession under
a sheriff's deed conveying to him land sold under judgment and exe-
cution for taxes against another person who had also purchased at a
tax sale, though the deed was only a color of title and was not suffi-
cient to pass the title, yet his possession was lawful under section
6770, Revised Statutes 1889, providing that when real estate, the
equitable title to which shall have emanated from the government
more than ten years previously, shall be in the lawful possession of
any person, and shall or might be claimed by another and he or those
under whom he claims have not been in possession or paid taxes
thereon for thirty consecutive years, such claimant shall within one
year bring an action to recover the same, and in default thereof he
shall be forever barred and his right and title shall *ipso facto* vest in
such possessor.

2. ———: ———: **REMAINDERMAN.** But such statute does not bar a
recovery by the remainderman who had no right to recover the pos-
session during the term of the life tenant. So that where the husband
of a deceased heir was by the curtesy entitled to the possession, and
he and her only child were living at the time of the trial, the statute
can not be pleaded against such child.

3. ———: ———: **MARRIED WOMAN BARRED.** Under section 6767, Re-
vised Statutes 1889, it is provided that if the person entitled to com-
mence the action mentioned in section 6770 be, at the time such
right or title shall descend, a married woman, she may begin an
action to recover the property within three years after such disabil-
ity be removed. *Held,* that where a defendant's husband had died
prior to the time plaintiff took possession, the statute began to run
against her at the time the adverse possession began, and she was
barred within one year, although her husband had not been dead two
years; and *held,* also, that when the statute began to run it was not
suspended nor interrupted by her death within one year, and conse-
quently her son would also be barred by one year's adverse posses-
sion from the time it began to run against her.

4. ——: ——: PAYMENT OF TAXES BY PRIOR OCCUPANT. The pos-
session of a prior occupant, who had purchased at a sale for taxes,
and had paid taxes and collected $20 for the opening of a street to
the land, could not be accredited to the title owners as being theirs,
such possession being adverse to them.

5. ——: ——: POSSESSION FOR ONE YEAR. The proof required by
this statute should be clearly made; and where the evidence offered
to show a continuous possession in the plaintiff for one year, who
sues under section 6770, Revised Statutes 1889, is so meager and
unsatisfactory as to leave the question in much doubt and uncer-
tainty, the cause will be remanded for a new trial.

*Appeal from St. Louis City Circuit Court.*—HON. L. B.
VALLIANT, Judge.

REVERSED AND REMANDED.

*J. E. & J. F. Merryman* for appellant and respond-
ent.

(1) There is no finding of facts that plaintiff was
in the open, actual, notorious, hostile, adverse, and
continuous possession of the real estate described in
the petition, at the time of the institution of this suit,
the twelfth day of July, 1894, and for one year previ-
ous thereto, and the court erred in failing to make
such finding. *Hall v. Hall*, 107 Mo. 101; *Pharis v.
Bayless*, 122 Mo. 116; R. S. 1889, secs. 6770 and 2027;
*Fugate v. Pierce*, 49 Mo. 441; *Borel v. Rollins*, 30 Cal.
408; *Musick v. Barney*, 49 Mo. 458; 1 Am. and Eng.
Ency. Law, 259; *Dyer v. Baumeister*, 87 Mo. 134.
(2) Thirty years did not elapse from the time Allen
commenced paying taxes on the land to the twelfth
day of July, 1894, the date of the institution of this
suit. (3) Under the act of 1872, Wagner's Statutes,
section 29, page 1206, both Allen and Smith could
have brought suit against Champion's heirs, and have
had the property sold on account of the taxes they had
paid. The payment of the taxes on these void sales

inured to the benefit of Champion's heirs.    And it
also appears that Smith, whilst he was paying the
taxes, received $30, which was paid him as special
damages in the matter of an alley or street opening,
and he was bound in law to credit Champion with the
amount.   *Lynch v. Andrews*, 25 W. Va. 751; *White v.
Shell*, 84 Mo. 572.    (4)   Defendant, Wm. H. Snyder,
had until December, 1894, three years, the date of the
death of his father, to bring suit for the real estate in
controversy.   R. S. 1889, sec. 6764; *Dyer v. Wittler*,
89 Mo. 81.    (5)   The judgment and decree rendered
in favor of the defendant, Arabella C. Dill, should be
affirmed.   James M. Dill was the owner of a life estate,
by the curtesy.   He alone was entitled to the posses-
sion, and he alone could maintain a suit for the posses-
sion of the half of the property.   He had no control
over his daughter's estate, and could neither do nor
suffer anything to be done that would defeat it.    And
while he lives no cause of action accrues to her.    She
is not entitled to the possession, and could not main-
tain a suit for it.    *Bradley v. Railroad*, 91 Mo. 493;
*Pluche v. Jones*, 4 U. S. Cir. Ct. Appeals, 622; *Dyer v.
Wittler*, 89 Mo. 81.

*Webster & Webster* for respondent and appellant.

(1)   After the passage of the act of Congress,
making further provision for the settlement of land
claims in the territory of Missouri, approved June 13,
1812, no title to any part of the Grand Prairie Com-
mon Fields of St. Louis was left in the United States.
*Glasgow v. Baker*, 85 Mo. 559; *Glasgow v. Baker*, 128
U. S. 560.    But if any such title had been so left it
was conveyed to the State of Missouri for the use of
the public schools by the act of Congress, approved
June 15, 1864.   13 U. S. Stat. at Large, 132. (2) Pos-

session taken under color of title is lawful possession, within the meaning of section 6770, Revised Statutes 1889. *Mansfield v. Pollock*, 74 Mo. 185; *Rollins v. McIntire*, 87 Mo. 496; *Pharis v. Bayless*, 122 Mo. 116. (3) Section 6770 applies to cases when the legal as well as the equitable title has emanated from the government. *Fairbanks v. Long*, 91 Mo. 628. (4) It is only necessary that one claiming title by limitation under section 6770 should have been in lawful possession of the premises at the commencement of his suit, and have been in such possession, undisturbed and unquestioned, for at least one whole year prior thereto, and that neither the defendants, nor anyone under whom they claim, or might claim, should have been in possession, or have paid any taxes thereon, for the period of thirty years prior thereto. (5) It is not necessary to show by whom the taxes for the prescribed period of thirty years have been paid, or that they have been paid at all. It is sufficient to show that they have not been paid by the defendants, or by anyone under whom they claim, or might claim, and this need not be directly proven, but may be inferred from facts and circumstances bearing on the case. (6) No disabilities will avail to defeat the right of plaintiff to a decree of title by limitation under the provisions of said section 6770. (7) Said section 6770 is constitutional. It is analogous to section 221, Wagner's Statutes, page 1207, which has been held to be constitutional by this court. *Hill v. Atterbury*, 88 Mo. 115. (8) A statute of limitations may run against a remainderman, although he may not have a right of action until the bar of the statute becomes complete. *Ewing v. Shannahan*, 113 Mo. 188.

MACFARLANE, J.—This suit is to perfect title by limitation to two small tracts of land in the city of St.

Louis. The petition charges that the title to the land has fully vested in plaintiff by virtue of section 6770, of the Revised Statutes of 1889, and he seeks a decree confirming his title under the provisions of section 2095 of said statutes.

The claim of plaintiff (though not fully stated in the petition) is that for more than one year before the commencement of the suit he had been in the lawful possession of the land and that one Benjamin F. C. Champion if living, and if dead his heirs, hold the apparent record title thereto. That the equitable title had emanated from the United States more than ten years before the possession of plaintiff was acquired, and that neither the said Champion nor anyone claiming under him had been in the possession thereof for thirty consecutive years, and had not paid the taxes thereon for the same period.

Defendant William H. Snyder and Arabella C. Dill answered that the said Champion died in 1861, leaving as his heirs two sisters, Jane E., wife of William H. Snyder and Margaret Champion, who afterward married James M. Dill. That the said William H. Snyder died December 24, 1892, and the said Jane E. Snyder died January 8, 1894, leaving defendant William H. Snyder her sole heir at law. That Margaret Dill died on the fourteenth day of February, 1877, leaving her husband James M. Dill, and defendant Arabella C. Dill, her daughter and only heir, surviving her, and that the said James M. Dill is still living.

Plaintiff, to sustain the issues on his part, offered in evidence a deed from the sheriff of St. Louis conveying the lots in question to him, by sale under a judgment and execution in favor of the collector against Huntington Smith. The judgment was for delinquent taxes and the deed was dated January 26, 1882. He also showed that the title, both legal and

equitable, had emanated from the government as early as 1864. Plaintiff then offered evidence tending to prove that he took possession of and fenced the property in May, 1893, and that such possession was continued until the commencement of this suit July 12, 1894. Plaintiff also offered evidence tending to prove that neither the defendants nor those under whom they claim had paid any taxes on the land since 1861.

Defendants by evidence established the facts stated in their answer. They also offered evidence tending to prove that the possession of plaintiff was not continued for one year. It was also shown by evidence that Huntington Smith had purchased the land for taxes, and had, thereafter, paid the taxes for a number of years. During that time damages for opening a street through the property amounting to $20 or $30 was paid to him. It was shown that the land was in the actual possession of no one until plaintiff took possession in May, 1893, except that one Allen, who claimed under a tax deed, had it fenced for a short time.

Upon the pleadings and evidence the court entered a decree establishing the title of plaintiff as against defendant William H. Synder, and James M. Dill, but denied a like decree against defendant Arabella C. Dill. Plaintiff and defendant Snyder both appeal.

The two sections of the statute referred to are as follows:

"Sec. 6770. LIMITATION IN CASE OF CERTAIN TITLES. Whenever any real estate, the equitable title to which shall have emanated from the Government more than ten years, shall thereafter, on any date, be in the lawful possession of any person, and which shall or might be claimed by another, and which shall not at such date have been in possession of the said person claiming or who might claim the same, or of anyone under whom he claims or might claim, for thirty consecutive years,

and on which neither the said person claiming, or who might claim the same nor those under whom he claims or might claim has paid any taxes for all that period of time, the said person claiming or who might claim such real estate shall, within one year from said date, bring his action to recover the same, and in default thereof he shall be forever barred, and his right and title shall, *ipso facto*, vest in such possessor. *Provided, however*, that in all cases such action may be brought at any time within one year from the date at which this article takes effect and goes into force.

"Sec. 2095. SUIT TO PERFECT TITLE BY LIMITATION—PROCEEDINGS.—In all cases when, under the provisions of the section entitled 'Limitation in case of certain equitable titles,' of chapter 101 of the Revised Statutes of Missouri of 1889, the title or claim of any person out of possession of any real estate shall be barred by limitation, and the title thereto has vested in the party in possession, or the party under whom he claims, under the provisions of said section, the party holding the title which has vested by limitation under the provisions of said section may bring his action in the circuit court of the county in which the real estate is situated, to have his record title thereto perfected, and it shall be sufficient for him to state in his petition that he holds the title to such real estate, and that the same has vested in him or those under whom he claims by limitation under the provisions of said section, and in such action it shall not be necessary to make any person a party defendant except such persons as may appear to have of record a claim or title adverse to that of plaintiff, and upon the trial of such cause, proof of the facts, showing title in plaintiff by limitation by reason of the provisions of said section, shall entitle him to a decree of the court declaring his title by limitation under the provisions

of said section, and a copy of such decree may be entered of record in the office of the recorder of deeds for said county, and in any such action service of process may be had as provided in article 4 of this chapter in causes affecting real estate, and if in any case the person whose adverse claim appears of record shall be dead, then the heirs or devisees of such person, or those claiming by, through or under him or them, if known, shall be made defendants, as adverse claimants, and if they be unknown to plaintiff, then he shall allege in his petition under oath that there are, or that he verily believes there are, persons interested in the subject-matter of the petition as heirs or devisees of deceased, or as claiming by, through or under him or them, whose names he can not insert therein because they are unknown to him, and shall describe the interest of such person, and how derived so far as his knowledge extends, and service of process on such person shall be had as in said article 4 is provided in case of unknown parties, and when such service shall be had, judgment and decree shall be rendered the same as though personal service had been had.''

I.   The possession taken by plaintiff under his sheriff's deed was lawful within the meaning of section 6770, though it may not have been effectual to pass the title.   If the possession, to be lawful, must be taken under title, the aid the section undertakes to give would be useless.   So it has been held that color of title is all that is necessary to support the possession. *Pharis v. Bayless,* 122 Mo. 124; *Mansfield v. Pollock,* 74 Mo. 185.

II.   The judgment rendered necessitates the finding by the court, that plaintiff was in the lawful possession of the property for one year before the institution of the suit; that neither defendants them-

selves, nor those under whom they claim, had been in the possession of the land or paid taxes thereon for thirty consecutive years, and no suit was commenced against plaintiff within one year after possession was taken. That the equitable title had emanated from the government more than ten years is not disputed. The findings we think are sustained by the weight of the evidence.

These facts make out, *prima facie*, a case which entitles plaintiff to a decree against both defendants, unless his right is defeated by matters pleaded and proved in evidence.

III. Jane Snyder, a married woman, held the legal title to an undivided one half of the land from the death of her father in 1861. Her husband died December 24, 1892. On the eighth of January, 1894, she died. The requisite period of plaintiff's possession expired in May, 1894.

Section 6770 is found in article 1, of chapter 103, of the Revised Statutes of 1889. Section 6767 of the same article provides that "if any person entitled to commence any action in this article specified be, . . . at the time such right or title shall first decend . . . a married woman, . . . such person may bring such action . . . within three years after such disability is removed."

Defendant Snyder insists that, inasmuch as Mrs. Snyder, under whom he claims by descent, was under disability until December, 1892, she had three years from that date in which to commence her suit, less than two years of which had expired when she. died, and that said defendant had at least one year after the death of his ancestor in which to commence his action.

We do not think it necessary to decide, in this case, whether the exceptions on account of disabilities provided in section 6767 are applicable to the limita-

tion of one year imposed by section 6770, for the reason that the cause of action did not accrue during the period of the alleged disability. At the time plaintiff took possession of the land Mrs. Snyder was laboring under no disability and the statute commenced running against her at once.

If the statute began to run against Mrs. Snyder at the time plaintiff went into possession of the land it was not suspended or interrupted at her death, but continued to run against her heir.

IV. Defendants insist that though neither they nor those under who they claim paid taxes on the land for thirty consecutive years, yet Huntington Smith, who did pay taxes, received twenty or thirty dollars assessed as damages to the land on account of the opening of a street, and that amount should be credited to them as a payment of taxes. We are unable to see a foundation for this claim. The question is not who paid the taxes, but did defendant, or those under whom they claim, pay them? *Rollins v. McIntire,* 87 Mo. 496; sec. 6770, *supra.* The payment of taxes by Smith, so far as appears, was voluntary, and he had no right to reimbursement from the owner of the land. *Harrigan v. Weemuth,* 77 Mo. 545; *Napton v. Leaton,* 71 Mo. 369. Smith was in no sense trustee or agent of the owner of the land. Indeed he claimed the land adversely to defendants and their ancestor and we must presume, there being no explanation, that he received the damage money as a claimant of the land and not as agent or creditor of the owner. His collection of the damages which may have belonged to defendant's ancestor can not be construed into a payment of taxes by the latter. We find no error in the proceedings or the judgment rendered as to appellant, William H. Snyder. As to him the bar of the

statute was complete and his right and title *ipso facto* vested in plaintiff.

V. Mrs. Dill, one of the heirs of Champion, died in 1877, leaving her husband and one child, defendant Arabella C. Dill, surviving her. Both were living at the time of the trial. The husband held the life estate by the curtesy and the child the reversion in fee. The husband was therefore entitled to the possession of the land during his lifetime, and no cause of action to recover possession accrued to the child until after the expiration of the life estate. It follows that the general statute of limitation would not begin to run against defendant Arabella C. Dill during the life of James M. Dill, the life tenant. Such has been the uniform ruling of this court in respect to the general statutes of limitation. *Bradley v. Railroad*, 91 Mo. 498.

But counsel insists that this special statute, under a proper construction, bars every one who has a claim or interest in the land. The statute does not give a remainderman the right to sue for the recovery of the land, nor is he given such right by the general law. We would hesitate to uphold a statute which, by express terms, took the title from the owner, who is out of possession, and vested it in another in the possession for the reason that the owner "did not bring an action to recover the same," within one year after possession was taken, when no authority to bring such action is given him. We would certainly not give such a meaning to a statute by construction. *Northcutt v. Eager*, 132 Mo. 265. The section in question creates a bar in favor of any person who "claims or might claim" the real estate in case he fail "to bring his action to recover the same" within one year. The claim referred to must include an existing possessory right, otherwise the claimant could not "bring an action to recover the

same." We think the terms of the statute, and most certainly its intent and meaning, bar only those who have a right of action and neglect to assert it.

We find no error in the ruling of the circuit court and the judgment is affirmed. BARCLAY, C. J., ROBINSON and BRACE, JJ., concur.

### ON MOTION FOR REHEARING.

MACFARLANE, J.—On motion for a rehearing, made by defendant Snyder, it is suggested that plaintiff failed to make proof of such possession as authorized a decree for title under the statute. The examination of the evidence on that question shows it to be so unsatisfactory as to leave it in much doubt and uncertainty. Plaintiff's rights depend upon his continuous possession of the land for one year before commencing his suit, and, as the decree sought would take the title from the owners, and vest it in him, the proof of the possession required by the statute should be clearly made. The report of the evidence in this case is so meager, and the testimony of each witness so ambiguous and contradictory that we are unable to say with any degree of certainty that an inference of continued possession for one year can be drawn therefrom. We therefore think it proper to so modify our judgment as to affirm the judgment in favor of defendant Arabella C. Dill, and to reverse the judgment against defendant William H. Snyder and remand the cause as to him for a re-trial, and it is so ordered. All the judges of this division concur.