COLLINS *et al.*, *Appellants*, v. PEASE *et al.*

Division One, November 15, 1898.

1. **Ejectment:** PRIMA FACIE CASE.  Where plaintiffs show a paten from the United States and that they are heirs of the patentees, they make for themselves a *prima facie* case in ejectment.

2. ———: LIMITATIONS: THIRTY-YEARS STATUTE: MARRIED WOMEN.  The thirty-year limitation statute (R. S. 1889, sec. 6770), contains no saving clause in favor of persons under legal disability. That statute provides that, if one is found in the lawful possession of land at any date after the expiration of any period of thirty consecutive years, during which the claimant and those under whom he claims have been out of possession and have paid no taxes thereon, the claimant must bring suit within one year thereafter, or be forever barred.

3. ———: ———: ———: LAWFUL POSSESSION.  One is in lawful possession within the meaning of that statute when he has not entered as a mere intruder or trespasser, but in good faith, claiming to be the owner.

4. ———: ———: ———: ———: CASE STATED.  One Collins in 1860 entered into possession of land, asserted ownership, and he and his grantees (the defendants) remained in lawful possession until the bringing of this suit, excepting a few years about 1863 to 1867.  Collins assigned to his sons a land warrant, which was located on this land, and the patent was issued to them in 1860.  They died in 1861 and 1864, respectively, and their heirs were two sisters, who were then married and continued to be until 1894, when they and their husbands assigned their interest in the land to the plaintiffs.  Neither the plaintiffs nor those under whom they claimed had ever had possession or paid any taxes. *Held*, that the thirty-year limitation statute (R. S. 1889, sec. 6770), was a complete bar to a recovery by plaintiffs.

*Appeal from Douglas Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

*Asbery Burkhead* and *Thos. H. Musick* for appellants.

(1) It is entirely immaterial for what consideration or reason Collins assigned the land warrant with which the land was entered to his sons, since neither he nor his grantees can plead his fraud as against the heirs of his sons.    (2) That statute of limitations may transfer and transmute title, but to have this effect the possession must be open, adverse and continuous. The declaration of law is fatally defective in that it does not require that the possession of Collins should have been adverse to the rights of his children. It may have been exclusive without being adverse. He may have had the sole possession and yet have held it for his co-tenants, his wife and children, as well as for himself.    Nor is there evidence that the possession was adverse, and it certainly was not continuous.    *Warfield v. Lindell*, 30 Mo. 273; *Pease v. Lawson*, 33 Mo. 35; *Harrison v. Cachelin*, 35 Mo. 77; *Campbell v. Laclede Gas Light Co.*, 84 Mo. 352; *Burke v. Adams*, 80 Mo. 504.    (3) In any event limitations did not begin to run against George and Spencer Collins before their deaths and as the two sisters under whom appellant Harrison Collins claims were then married, limitations could not commence to run against and not even then unless the holding of Solomon is shown by the evidence to have been adverse to George and Spencer. *Avery v. Adams*, 69 Mo. 603; *Mylar v. Hughes*, 60 Mo. 105; *Crispin v. Hannavan*, 50 Mo. 536; *Chapman v. Templeton*, 53 Mo. 463; *McQuiddy v. Ware*, 67 Mo. 74; *Harbison v. School Dist.*, 89 Mo. 184.

*A. H. Livingston* for respondents.

On no principle can the plaintiffs recover. They are barred by the thirty-years special statute of limitations, as well as by the general statute. The defendants and their grantor, Solomon Collins, have been in the open, notorious and exclusive possession of the premises since 1860, and have ever paid the taxes thereon. Plaintiffs were never in possession, and never paid any taxes on the land. The cause comes clearly within the purview of the act of 1874, •as amended in 1889. As now amended this act applies to all cases, without regard to the time of the passage of the law. R. S. 1889, sec. 6770; *Fairbanks v. Long*, 91 Mo. 628; *Rollins v. McIntire*, 87 Mo. 496; *Mansfield v. Pollock*, 78 Mo. 185. This is a special statute of limitation and there are no exceptions to its running on the grounds of infancy, coverture, etc., and the claim of disability on part of Abigail Jones and Mary Freeman, if true, will not avail in this action.

WILLIAMS, J.—This case was rightly decided for defendants by the circuit court.

It is an ejectment. A patent issued in 1860 from the United States to George and Spencer Collins for the land in dispute. George died in 1860 or 1861, and Spencer in 1864. Defendants are in possession. Plaintiffs are heirs of the patentees. This made for them a *prima facie* case.

The defense relied on is the limitation of thirty years contained in section 6770 of the statutes of 1889.

The testimony tended to prove that Solomon Collins, father of George and Spencer, was in possession of the land in 1860, when it was entered. He assigned to them a land warrant belonging to him and it was located on this tract. It is said by some of the wit-

nesses that this was done and the patent issued in their name because the father was financially embarrassed. He nevertheless remained in possession, and there is evidence showing that he openly asserted his ownership thereof. He went away during the war and did not return to the land until a year or more after its close. The dates are not very definitely fixed in the record. He continued, after he came back, to use and claim the land as his own until 1879, when he sold it to C. E. Pease. The latter then went into possession and held it, undisturbed by any adverse claim, until he sold to the defendants. They have had exclusive possession since their purchase.

At the time of the death of Spencer and George Collins, they had two sisters, who were then married women, and have remained under coverture since. These sisters and their husbands in 1894, conveyed their undivided interest to plaintiff, Harrison Collins, Jr.

There was evidence to show, and the court so found and recited in its judgment, that plaintiffs had *never* been in possession of any part of the premises, nor had they ever paid any taxes thereon; but, on the contrary, that defendants and their grantors had been in exclusive possession and paid the taxes since 1860.

The case was tried by the court without a jury.

Plaintiffs asked nine declarations of law. All were refused. Several are based upon the disability of the married women mentioned, and undertake to construe the limitation of twenty-four years contained in the statute. Others lay down the rule to be applied as to adverse possession between tenants in common. None are predicated upon the act hereinafter referred to making thirty years a bar, which, in our opinion, presents the only question in the case. It is plain,

therefore, that we do not think error was committed in their refusal.

The court, at defendants' instance, declared that, if Solomon Collins was in possession of the land when it was entered in 1860, and he and his grantees have ever since remained in the open, *exclusive* and notorious possession of the same, and have paid all taxes thereon since 1860, and George Collins died in 1860 and Spencer in 1863 or 1864, then plaintiffs could not prevail in the suit.

The judgment, as above stated, was in favor of defendants and plaintiffs appealed.

1. The limitation of thirty years set up by defendants as an absolute bar to plaintiff's suit was first enacted in 1874, and appears in the laws of that year on page 118. Several decisions have been rendered by this court construing that act. These propositions have been settled:

It is unnecessary to plead this statute, but the facts showing its applicability may be given in evidence under the general issue.

It applies to cases where the legal, as well as to those in which only the equitable, title has emanated from the Government.

The statute contains no saving clause in favor of persons under disability after a right of action has accrued to them, and the courts can not write into it an exception in their behalf. "The act of 1874, was evidently intended to be a statute of absolute repose to those who come within the protection of its provisions."

One is in "lawful possession" within the meaning of the act when he has not entered as a mere intruder or trespasser, but in good faith, claiming to be the owner. It is manifest that he need not have a perfect title, for in that event he would not need the protection

of the statute. *Mansfield v. Pollock*, 74 Mo.185; *Rollins v. McIntire*, 87 Mo. 496; *Fairbanks v. Long*, 91 Mo. 628.

BRACE, J., in the case last cited, makes a very clear exposition of the act of 1874 in its original form.

"The operation of the act depends upon these five concurring conditions:

"(1) The premises must not have been in the possession of the claimant, nor of any person under whom he claims, for thirty consecutive years next preceding the 27th of February 1874" (the date when the act took effect), "and no taxes must have been paid thereon for all that period of time, either by the claimant or those under whom he claims.

"(2) The claimant must have failed to bring his action within one year after that date.

"(3) The equitable title must have emanated from the Government more than ten years prior to that date.

"(4) The possessor must have been in lawful possession at that date.

"(5) His possession must have been continued during the whole of the year immediately succeeding that date."

It will be noticed that the original act was only operative in cases where the thirty years of non-possession and non-payment of taxes were those immediately preceding the passage of this statute. The claimant was then given one year from the time the act took effect in which to bring his suit. The law only applied to the condition of affairs then existing. It made no provision for the future. The opinion in *Fairbanks v. Long*, *supra*, called attention to the language of the act of 1874, and at the next session of the Legislature, the statute was amended, so as to read as follows:

"Whenever any real estate, the equitable title to which shall have emanated from the government more than ten years, shall thereafter, on *any date*, be in the lawful possession of any person, and which shall or might be claimed by another, and which shall not at such date have been in possession of the said person claiming or who might claim the same, or of any one under whom he claims or might claim, for thirty consecutive years, and on which neither the said person claiming or who might claim the same nor those under whom he claims or might claim has paid any taxes for all that period of time, the said person claiming or who might claim such real estate shall, within one year from said date, bring his action to recover the same, and in default thereof he shall be forever barred, and his right and title shall, *ipso facto*, vest in such possessor; *provided, however*, that in all cases such action may be brought at any time within one year from the date at which this article takes effect and goes into force." R. S. 1889, sec. 6770.

The change made is, that, if at the *expiration* of *any* period of *thirty consecutive* years, during which the party asserting title to the land, and those under whom he claims have been out of possession and have paid no taxes thereon, another is found in possession, the claimant must bring his suit within one year thereafter; otherwise he will be forever barred. It was intended by the amendment to reach future cases instead of limiting the statute to conditions existing at its date, as in the first instance. In other particulars the requirements are the same as laid down in *Fairbanks v. Long, supra*.

An examination of the declaration of law given in behalf of defendants will show, that the court must necessarily have found that neither the plaintiffs nor those through whom they claim had been in possession

of the land or paid any taxes thereon since 1860. The court upon the contrary under this declaration of law found the facts to be, that defendants and those under whom they claim had *exclusive* possession and paid all the taxes during that period. Hence plaintiffs could have had no part in the matter. There was ample evidence to justify the giving of said declaration of law. The testimony was undisputed that the title emanated from the government in 1860, and that more than a year before this suit, defendants bought the land and entered into possession, and held the same continuously after that time. This clearly brought them within the protection of the statute.

The judgment was for the right party and is accordingly affirmed.

All concur.