JAMES H. ROTHROCK, Respondent, v. CORDZ-FISHER LUMBER COMPANY, Appellant.

St. Louis Court of Appeals, May 9, 1899.

**Trespass on Land**: POSSESSION. To avail itself of the thirty years' statute of limitations it was necessary, under the conceded facts, for the defendant to prove that it had been in the actual possession of the land for at least one year before the commencement of the action. Held, that as to plaintiff, the defendant has at no time been in possession of the land.

*Appeal from the Shannon Circuit Court.*—HON. W. W. EVANS, Judge.

AFFIRMED.

JOHN C. BROWN for respondent.

The thirty year statute of limitations is not a defense to plaintiff's demand in this case. Schultz v. Lindell, 30 Mo. 310; Taylor v. Ladew, 33 Mo. 205; Leeper v. Baker, 68 Mo. 400; Herbest v. Merrifield, 133 Mo. 267; Charles v. Morrow, 99 Mo. 338. The appellant's allegation of a variance is without merit. R. S. 1889, sec. 2096; Laylor v. Byrne, 51 Mo. App. 578; Golden v. Clinton, 54 Mo. App. 100; Bank v. Leyser, 116 Mo. 51. The verdict is sufficient. Acton v. Dooley, 16 Mo. App. 441; Davenport v. Fulkerson, 70 Mo.

417; Muller v. Hospital Ass'n, 73 Mo. 242; Provo Mfg. Co. v. Severance, 51 Mo. App. 260.

JAMES ORCHARD for appellant.

Where plaintiff is out of the possession of land for thirty years and has paid no taxes, and the other party has been in possession for one whole year, claiming title, the plaintiff is estopped and it devolves on him to show that he has either been in possession or paid taxes. Marsfield v. Pollock,74 Mo. 185; Fairbanks v. Long, 91 Mo. 628; Bird v. Sellers, 113 Mo. 580. Party in possession of a part of a tract of land, claiming the whole tract under color of title and exercising ownership over the whole tract, is deemed to be in possession of the whole tract. R. S. 1889, sec. 6768. This suit was for two thousand, five hundred pine trees and seven hundred oak trees, and the verdict was for three hundred thousand feet of pine timber when it should have been for a certain number of pine logs, and we contend that there is a variance between the pleadings and the verdict, and that the plaintiff did not recover on his statement, and that the judgment can not stand. The general rule is that plaintiff can only recover on the case he makes in his pleadings. Wright v. Fonda, 44 Mo. App. 634; Johnson-Brinkman & Co. v. Bank, 116 Mo. 558; Jaquin v. Brand Ave. Cable Co., 75 Mo. 320. The verdict is informal and void. It simply finds the value of the timber to be $1 per thousand when it should show the amount of plaintiff's damages and without such a verdict the court could not render judgment. R. S. 1889, sec. 2166; Pryor v. Pryor, 31 Mo. App. 555; Pembaugh v. Phipps, 75 Mo. 422.

BIGGS, J.—This is an action for an alleged trespass on land. The plaintiff claims to be the owner of the southeast quarter of section five (5), township twenty-seven (27), range five (5) west, and he charges in his petition that on and after January 2, 1891, the defendant unlawfully entered upon the

land and wrongfully cut and removed therefrom two thousand, five hundred pine trees and seven hundred oak trees of the value of $1,200. The answer contains a general denial, and also a special plea of the thirty year statute of limitation. The plea was to the effect that neither the plaintiff nor any one under whom he claims had been in possession of nor had paid any taxes on the land for thirty years, and that the defendant had been in the open and notorious possession of it for more than one year before the action was brought. Under the instructions of the court the jury returned the following verdict, to wit: "We, the jury' find the issues in favor of the plaintiff, and further find that the amount of pine timber cut and removed by the defendant from the plaintiff's land is three hundred thousand feet, and when so cut and removed said timber was of the market value of $1 per M." Whereupon the circuit court rendered a judgment on the verdict for $300. The defendant has appealed and complains of the action of the court in giving and refusing instructions, and of the form of the verdict.

We do not understand counsel for appellant to dispute that the legal title to the land was vested in plaintiff, nor that the removal of the timber as alleged was established by the proof. The complaint is that in giving the instruction asked by the plaintiff and refusing that asked by the defendant, the circuit court ignored the defense of the statute of limitation pleaded in the answer. The instruction asked by the plaintiff, and which the court gave, is as follows:

"The court instructs the jury as follows, to wit: That this is an action brought by plaintiff against the defendant charging it with trespass upon certain lands described in plaintiff's petition, to wit: The southeast quarter of section 5, in township 27, north of range 5 west, containing one hundred and sixty acres.

"The court further instructs the jury that an exemplified copy of the patent from the United States to Charley Rathbun,

and a deed from Charley Rathbun to James H. Rothrock conveyed and vested the title to said lands in said James H. Rothrock, that said James H. Rothrock, prior to the year 1891, ever since and is now the owner of said lands.

"The court further instructs the jury that it is admitted by the pleadings that the defendant is a corporation.

"The court further instructs the jury that if they believe and find from the evidence that the defendant by its agents, servants and employees, did at any time within five years prior to the eighth day of August, 1894, enter into and upon said lands, or any part thereof, and then and there did cut down, carry away and convert to its own use, pine timber there standing and being upon said lands, you will find the issues for the plaintiff, and you will find from the evidence the amount of pine timber so cut down and carried away, not to exceed two thousand, five hundred trees, and you will assess plaintiff's damages at such sum as you may find from the evidence the value of said pine timber to have been at the time said timber was cut and removed from said land not exceeding $1,200."

The counter instruction asked by the defendant, and which the court refused is as follows: "The court instructs the jury that if you believe from the evidence that the defendant had a deed to the south half of section 5, township 27, range 5, in Shannon county, Missouri, and that defendant had possession of the southwest quarter of section 5, township 27, range 5 west, claiming the whole south half, one year before the filing of this suit, or the payment of any taxes by the plaintiff, it devolves upon the plaintiff to show that he had possession of said tract of land or paid taxes on the same within thirty years prior to the — day of June, 1891, the date of the expiration of the first year of defendant's possession; unless you so find you will find the issues for the defendant."

The action of the court as to the instructions was right, for the reason that under the evidence the thirty years' statute

LIMITATIONS.

of limitations (R. S. 1889, sec. 6770) was not applicable. To avail itself of this statute it was necessary under the conceded facts for the defendant to prove that it had been in the actual possession of the land for at least one year before the commencement of the action. (Fairbanks v. Long, 91 Mo. 628.) . The proof on this subject was that in 1891 or 1892 (the suit having been instituted in 1894), the defendant took possession of the southwest quarter of section 5, township 27, range 5 west, under color of title to the south half of the section, which included plaintiff's land. As the plaintiff did not claim title to the southwest quarter, the possession of it by the defendant could not as against the plaintiff, be constructively extended to the southeast quarter. This governing principle was first declared by the supreme court in Schultz v. Lindell, 30 Mo. 310. It was there said: "Where a large tract embraces several smaller ones, a *pedis possessio* of a few acres, by one setting up title to the larger tract, claiming the whole, would not be a defense against a superior title in any one of the smaller tracts. There is in such case no ouster of the owner of the smaller tract, because the possession, being of a part of the larger tract not included in his, is not adverse to him; and the constructive possession following his title will prevail against any other but an actual possession." Therefore we hold that as to plaintiff, in whom the legal title is conceded to be vested, the defendant has at no time been in possession of the land. Objections are made to the form of the verdict, and that it is not responsive to the pleadings. These questions are not properly before us. They are not mentioned in the motion in arrest. Cattell v. Dispatch Pub. Co., 15 Mo. App. 587; Ring v. Paint Co., 44 Mo. App. 111. The judgment of the circuit court will therefore be affirmed. All concur.